# EXHIBIT A

FILED
SUPERIOR COURT - STOCKTON

2015 FEB 27  AM 11: 21

ROSA JUNQUEIRO, CLERK

BY _Stephanie Cole_
DEPUTY

1   DANIEL L. MITCHELL (SBN34442)
    Law Offices of
2   DANIEL L. MITCHELL
3   1151 Harbor Bay Parkway, Suite 121
    Alameda, California 94502
4   (510) 864-8885
    Fax: (510) 864-8898
5   Attorneys for Plaintiff
6   ORALEE WOODSON

7

8

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

9

10

11  ORALEE WOODSON,,                          No.       39-2015-00322401-CU-BC-STK

12                        Plaintiff,

13  v.                                        COMPLAINT FOR DAMAGES:

14  STATE OF CALIFORNIA; CALIFORNIA           [1] Breach of Contract;
15  DEPARTMENT OF CORRECTIONS &               [2] Discrimination;
    REHABILITATION; DEPARTMENT OF             [3] Sexual Harassment;
16  YOUTH AUTHORITY; DIVISION OF              [4] Wrongful Termination
    JUVENILE JUSTICE; DONNIE ALEXANDER        [5] Defamation
17  DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 to 25  [6] Intentional Interference With Employment
18                                                Agreement
                          Defendants.         [7] Negligent Interference With Employment
19                                                Agreement;
20                                            [8] Emotional Distress;
21                                            [ 9] Fraud;
22                                            [10] Negligent Misrepresentation;
                                              [11] Negligent Hiring/Supervision;
23                                            [12] Suppression of Fact;
                                              [13] Civil Rights Title VII; 42 USC §1981
24

25

26                                            THIS CASE HAS BEEN ASSIGNED TO
                                              JUDGE CARTER R. HOLLY IN
27                                            DEPARTMENT 41 FOR ALL PURPOSES,
                                              INCLUDING TRIAL.
28

COMES NOW plaintiff, ORA LEE WOODSON, and complains of defendants, and each of them, and alleges as follows:

*General Allegations*

1.     Plaintiff does not know the true names or capacities whether individual, partners or corporate, of the defendants sued herein as DOES 1 to 25, inclusive, and for that reason said defendants are sued under fictitious names and plaintiffs pray leave to amend this Complaint when the true names and capacities are known.

2.     At all times herein mentioned, each of said defendants, including those defendants named herein as DOES, are being sued in their individual capacities and their official capacities under color of law and within the course and scope of their agency and or employment; each ratified and participated in the doing of the acts hereinafter alleged to have been done and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting individually and within the course and scope of said agency and employment.

3.     At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4.     At all times herein mentioned, the acts and omissions of the various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

5.     Plaintiff is informed and believes and thereon alleges that defendants California

Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, along with Does 1 through 5, inclusive and each of them, were Agencies of the State of California, sued herein in that capacity and were and are public entities organized and existing under the laws of the state of California and subject to suit under the California Fair Employment and Housing Act, Government Code, Secs. 12900 et seq. ("FEHA"), in that said defendants are employers who regularly employ five or more persons (collectively herein "Agencies")

6.    At all times herein mentioned, defendant Donnie Alexander was the agent and/or employee for each defendant Agency and/or state of California (hereinafter "Alexander"). This defendant and DOES 1 through 10, inclusive, are the agent(s) of an entity, subject to suit under FEHA. Defendant Alexander supervised plaintiff.

7.    Defendants DOES 10 through 25, inclusive, were and are employed by defendants Agencies and state of California and DOES 1 through 25, inclusive, as managers, supervisors, coordinators and administrators. At all times herein mentioned, said defendants were supervisory to plaintiff.

8.    The unlawful employment practices complained of herein occurred at San Joaquin County, California.

9.    On July 23, 2014, plaintiff filed her Government Claim against defendants and each of them and on December 1, 2014 she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH").

10.     Portions of this action are brought pursuant to the Fair Employment and Housing Act as set forth in Sections 12900 et seq. of the California Government Code (FEHA), as well as Title VII of the United States Code, sections 2000e through 2000e-17 (Title VII), and 42 USC §1981 to obtain relief for plaintiff for discrimination in employment against plaintiff because of plaintiff's age and sex. Plaintiff alleges that she has been terminated from her position with defendants and each of them on account of her sex, race/color and national origin/ancestry, in violation of those relevant provisions of the FEHA and Title VII. By this action plaintiff seeks the following relief, pursuant to the FEHA and Title VII (§2000e-5(g) and (k)): monetary relief, including back pay, front pay, attorney fees and costs of suit for terminating plaintiff on the basis of her sex, race/color, national origin/ancestry.

11.     Plaintiff is an adult African-American female, and a resident of the County of San Joaquin, state of California over the age of 80 years.

12.     Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action.

*FIRST CAUSE* OF *ACTION*
[Breach of contract]

13.     Plaintiff incorporates by reference and realleges paragraphs 1 through 12, inclusive, herein, as though set forth at length.

14.     Plaintiff was hired to work in the Foster Grandparent Program at N.A. Chaderjian Youth Correctional Facility of the state of California, Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice by agreement with the state of California wherein she was to provide close, interpersonal relationships and increased socialization on the part of youthful

offenders; help wards develop socially, emotionally, and mentally by listening and understanding their feelings; assist wards to develop better behavior by acting as a role model; assist in small group counseling sessions, if appropriate, encourage mature and responsible behavior; assist wards in acquiring academic skills through total development; and reinforce ward's efforts in developing self-help skills.

15.    Plaintiff performed all covenants and conditions required by her on her part to be performed pursuant to the Foster Grandparent Program agreement with the state of California.

16.    On or about March 20, 2014, defendant Donnie Alexander, the Foster Grandparent Program Director breached the agreement that existed between plaintiff and the state of California when he accused and thereafter fired plaintiff, a long term employee, for making "comments" which had come to his attention from staff members at N.A. Chaderjian Youth Correctional Facility.

Plaintiff had made no such "comments" or any comments such that Anderson's utterances were pretextual to terminate plaintiff.

Alexander refused to allow plaintiff to exercise the Grievance Procedures mandated by the Foster Grandparent Program Orientation Handbook, which he authored, notwithstanding plaintiff's denial of the claimed comments.

17.    As a result of defendants' breach of the said Agreement, plaintiff has been injured in loss of her position, loss of wages or salary and other benefits payable under the contract together with interest thereon at the maximum legal rate from and after March 20, 2014.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*SECOND CAUSE OF ACTION*
[Discrimination]

18.    Plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive, herein, as though set forth at length.

19.    During the times plaintiff worked for defendants, she was qualified for the position of Foster Grandparent which she had performed for at least 10 years for defendants. Plaintiff's performance while working for defendants was acknowledged by them as positive and her performance considered "excellent" and beyond reproach.

20.    The fact that plaintiff was a female of African-American National origin was a substantial factor in defendants' decision to terminate plaintiff's employment. Defendants engaged a pattern and practice and acted as follows because of plaintiff's sex and National Origin.

(a)    With the hiring and appointment of defendant Donnie Anderson beginning in March, 2013 he subjected plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent;

(b)    Defendant Anderson accused plaintiff of a deep lack of respect for other members of the staff; of teachers within N.A. Chaderjian Youth Correctional Facility; and other Foster Grandparents and of Anderson;

(c)    Defendant Anderson accused plaintiff of slandering the reputation of members of the staff at N.A. Chaderjian Youth Correctional Facility;

(d)    Defendant Anderson accused plaintiff of undermining the credibility of members of the staff at N.A. Chaderjian Youth Correctional Facility;

(e)     Defendant Anderson refused on March 20, 2014 to allow plaintiff to exercise her Grievance rights to test the validity of his accusations when he knew or should have known that the "comments" were unverified or substantiated in any manner; that the "comments" reporter(s) lacked integrity or were dishonest.

21.     Plaintiff rejected Anderson's accusations which she interpreted as harassment, substantiated by Anderson's refusal to allow her to exercise her Grievance mandated rights.

22.     On or about March 20, 2014, in retaliation for plaintiff's rejection of Anderson's accusations he terminated plaintiff's employment with defendants.

23.     The conduct of defendant Anderson was known to defendants in that plaintiff is informed and believes that it had occurred with other minority female personnel. Although plaintiff objected to the misconduct to defendants, they refused to acknowledge any complaint made by plaintiff, took no steps to investigate and otherwise ignored plaintiff's grievances. The policy and procedures handbook or practices of defendants did not afford plaintiff, or others similarly situated, with any adequate means by which to report or address grievances of discrimination and harassment such as that set forth above. However, despite actual knowledge of defendants and each of them of the above-mentioned harassment and their knowledge as supervisors and agents, defendants failed to take immediate or any appropriate corrective action to stop the discriminatory misconduct before it occurred again.  In addition, said defendants failed to take all reasonable steps to prevent such misconduct from reoccurring.

24.     Defendants fired plaintiff on pretextual grounds and not for good cause. Their reason(s) are a pretext for discrimination on account of plaintiff's sex, race/color and national origin/ancestry and job status.

25.     The discriminatory actions of defendants and each of them against plaintiff constituted unlawful discrimination in employment on account of plaintiff's gender and National origin, in violation of those relevant sections of FEHA, and Title VII of the Civil Rights Act of 1964,. 2000e, et seq. 42 USC §1981.

26.     The discriminatory actions of defendants and each of them against plaintiff, as alleged above, are a substantial factor in causing plaintiff to suffer the loss of wages/salary, benefits, and additional amounts of money plaintiff would have received if plaintiff had not been terminated from her position with defendants. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an uncertain amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has been ascertained.

27.     The discriminatory misconduct of defendants and each of them, is a substantial factor in causing plaintiff to be harmed in that plaintiff has suffered the intangible loss of the employment-related opportunities associated with working for defendants specifically including, but not limited to experience in the position from which plaintiff was terminated, job security and future employment with the state of California and elsewhere in the public sector. As a result of such discrimination and consequent harm, plaintiff has suffered damages in an uncertain amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has been ascertained.

28.     The discriminatory misconduct of defendants and each of them, is a substantial factor in causing plaintiff to be harmed in that plaintiff has suffered humiliation, mental anguish and emotional

and physical distress, and has been hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, and became sick, sore, lame and disabled, all of which said injuries have caused and continue to cause said plaintiff great mental, physical and nervous pain and suffering all to her general damage in a sum to be determined at the trial of this matter. Plaintiff is informed and believes and thereon alleges that the amount of her damages exceed the jurisdictional limits of the Superior Court of the State of California.

29.     By reason of the above-mentioned premises, plaintiff was required to and did employ physicians and surgeons to examine, treat and care for her and did incur and continues to incur medical and incidental expense. This exact amount of such expense is unknown to plaintiff at this time, and she prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

30.     By reason of the above-mentioned premises, plaintiff was prevented from engaging in her usual occupation and will in the future will be so prevented, all to her damage in an amount unknown to plaintiff at this time, and plaintiff prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

31.     The conduct of defendants and each of them in terminating plaintiff's employment was done with malice, fraud and oppression and in reckless disregard of plaintiff's rights under the applicable provisions of FEHA, Title VII, and 42 USC §1981. Among other things, not preventing defendant Anderson's misconduct from reoccurring; having no effective method for the management of complaints of discrimination or other violations of the FEHA, Title VII and 42 USC §1981 and firing plaintiff because she rejected his claimed "comments", when defendants knew or should have known of the

discriminatory treatment of plaintiff, and, since plaintiff was employed by a governmental entity, that her termination permanently became a part of her state personnel file, thereby forever impairing her ability to become re-employed by the state of California, and perhaps, other governmental entities, constitute sufficient oppression and disregard for plaintiff's rights within the meaning of Civil Code, §3294, so as to justify an award of punitive damages against defendant Anderson.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*THIRD CAUSE* OF *ACTION*
[Sexual Harassment]

32.    Plaintiff incorporates by reference and realleges paragraphs 1 through 31, inclusive, herein, as though set forth at length.

33.    The conduct of defendants and each of them was sexual harassment in that it created a hostile work environment in violation of the FEHA, Title VII and 42 USC §1981. Defendants and each of them knew of these harassing actions because defendant Anderson had a reputation for harassing minority women. Defendants knew or should have known of the above-described harassment, yet failed to take immediate or any appropriate corrective action to stop or prevent the harassment from reoccurring.

34.    The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*FOURTH CAUSE OF ACTION*
[Wrongful Termination in Violation of Public Policy]

35.    Plaintiff incorporates by reference and realleges paragraphs 1 through 34, inclusive, herein, as though set forth at length.

36.    Defendants terminated plaintiff's employment in violation of public policy on the following grounds:

(a)    subjecting plaintiff to potentially harassing misconduct at the hands of defendant Anderson;

(b)    requiring plaintiff to repeatedly endure harassment and discrimination, even after she complained about it;

(c)    ignoring plaintiff's complaints harassment and discrimination and their ratification of it;

(d)    firing plaintiff before or without investigating, reporting the results of and/or resolving plaintiff's complaints of harassment and discrimination.

37.    This conduct violated relevant provisions of FEHA, Title VII, and 42 USC §1981

38.    The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

1

2          WHEREFORE, plaintiff prays judgment as more particularly set forth below.

3

4                          *FIFTH CAUSE OF ACTION*
                              [Defamation]

5

6          39.    Plaintiff incorporates by reference and realleges paragraphs 1 through 38, inclusive,

7  herein, as though set forth at length.

8

9          40.    Defendants' termination of plaintiff expressly and implicitly represented to her and other

10  fellow employees that she was not performing her work satisfactorily, was insubordinate and dishonest.

11         41.    Plaintiff's repeatedly being subjected to harassment and discrimination by defendants and

12  subsequent termination by these defendants on the grounds she did not perform her work satisfactorily

13

14  was insubordinate and dishonest, was false.

15

16         42.    Plaintiff's treatment and termination from employment with defendants, and each of

17  them, is defamatory in that it presumes plaintiff's abilities as an employee are defective and dishonest. In

18  addition, it has negatively affected her reputation and ability to become reemployed in a similar position,

19

20  from and after March 20, 2014, and has caused plaintiff to be subject to hatred, contempt, and ridicule

21  and caused her to be shunned and avoided in the community and affected her ability to secure future

22  employment when she has been required to report the basis given to her by the state of California for her

23

24  termination.

25

26         43.    The conduct of these defendants as herein alleged was intended, among other things, to

27  require plaintiff to repeat to other, future employers that she was fired and the reasons therefore. In

28

terminating plaintiff as they did, defendants knew or should have known that plaintiff would be required to make this disclosure and explain the circumstances of her termination against her will and to her detriment in order to obtain future employment.

44.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*SIXTH CAUSE* OF *ACTION*
[Intentional Interference with Employment Agreement]

45.     Plaintiff incorporates by reference and realleges paragraphs 1 through 44, inclusive, herein, as though set forth at length.

46.     The conduct of defendant, Anderson, as herein alleged, intentionally interfered with the plaintiff's employment agreement with the state of California an agreement of which defendant, Anderson was fully aware.

47.     The acts and misconduct of defendant, Anderson, hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages when she was terminated from her said employment.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

### SEVENTH CAUSE OF ACTION
#### [Negligence Interference with Employment Agreement]

48.     With the exception of claims for punitive damages against the public entities, plaintiff incorporates by reference and realleges paragraphs 1 through 47, inclusive, herein, as though set forth at length.

49.     The conduct of defendant Anderson as above alleged negligently interfered with the employment contract between plaintiff and the state of California.

50.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, when she was terminated from her said employment.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

### EIGHTH CAUSE OF ACTION
#### [Emotional Distress]

51.     Plaintiff incorporates by reference and realleges paragraphs 1 through 50, inclusive, herein, as though set forth at length.

59.     In acting as herein alleged, defendants and each of them intentionally engaged in such conduct that was so outrageous as to cause plaintiff to suffer severe and extreme emotional distress.

60.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE, plaintiff prays judgment as more particularly set forth below

*NINTH CAUSE OF ACTION*
[Fraud]

61.    Plaintiff incorporates by reference and realleges paragraphs 1 through 60, inclusive, herein as though set forth at length.

62.    On several occasions beginning on or about over a period of 10 years while plaintiff was employed by defendants, state of California and its Agencies it was represented to plaintiff, essentially that:

(a)    Said defendants would provide plaintiff with a safe and pleasant working environment, adequate training and fair and consistent treatment in her employment;

(b)    Said defendants would maintain with plaintiff a cooperative working relationship based on mutual respect and understanding in all aspects of her employment;

(c)    Said defendants would insure that plaintiff would not be discriminated against in any aspect of her employment because of her race, color, age, religion, ancestry, medical condition, national origin or employment status;

63.    These representations were false. The true facts were:

(a)    Defendants had no intention of and did not provide plaintiff with a safe and pleasant working environment, adequate training and fair and consistent treatment in her employment;

(b)     Defendants had no intention and did not maintain with plaintiff a cooperative working relationship based on mutual respect and understanding in all aspects of her employment;

(c)     Defendants did not insure that plaintiff would not be discriminated against in any aspect of her employment because of her race, color, age, religion, ancestry, medical condition, national origin or employment status.

63.     When Defendants made these representations, they knew them to be false or misleading. Defendants made these representations with the intent to deceive plaintiff, and induce said plaintiff to become employed at the state of California and maintain her employment at the state of California as career work.

64.     At the time Defendants made these representations, plaintiff was ignorant of their falsity and said plaintiff believed them to be true. In reliance thereon, said plaintiff was induced to undertake full time employment and maintain that employment at the state of California in belief that it would be her career work. Plaintiff's reliance upon defendants' representations was justified because plaintiff was not aware of the falsity of defendants' representations and said plaintiff reposed her trust and confidence in said defendants, and each of them. Plaintiff would not have relied upon defendants' representations or entered into the employment agreement herein had she known the true facts.

65.     Defendants made the representations to induce plaintiff to act as herein alleged. The conduct of defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to defendants with the intention on the part of defendants of thereby depriving plaintiff of

property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff

to a cruel and unjust hardship in conscious disregard of plaintiff rights, so as to justify an award of

exemplary and punitive damages.


WHEREFORE, plaintiff prays judgment as hereinafter set forth.


*TENTH CAUSE OF ACTION*
*[Negligent Misrepresentation]*

66.   Plaintiff incorporates by reference and realleges paragraphs 1 through 65, inclusive,

herein, as though set forth at length.


67.   When defendants made these representations they had no reasonable grounds for

believing them to be true defendants know or should have known they were false in that defendants did

not have accurate information and defendants were aware that without it defendants could not truthfully

make the representations. Defendants concealed from plaintiff that they lacked the information

necessary to allow them to make the representations.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth.


*ELEVENTH CAUSE OF ACTION*
*[Negligent Hiring and Supervision]*

69.   Plaintiff incorporates by reference and realleges paragraphs 1 through 68, inclusive,

herein, as though set forth at length.

70.   At all times mentioned defendants state of California and its' Agencies negligently and

carelessly trained and retained its employees including, but not limited to defendant Anderson.

1  Defendants state of California and its' Agencies breached their duty to exercise reasonable care and
2  acted negligently and carelessly in the said training and retention by failing to give them training
3  including, but not limited to, the laws and regulations against harassment on the job as required by the
4  Fair Employment and Housing Act and as herein alleged, following published grievance procedures.

6  71.    Defendants additionally negligently failed to investigate the background of its' employees
7  including, defendant Anderson. Defendants state of California and its' Agencies also failed to take
8  reasonable steps to protect plaintiff from the racially motivated actions of other employees including,
9  but not limited to defendant Anderson.

11  72.    As a further direct and proximate result of the negligence of defendants as set forth
12  above, plaintiff sustained mental anguish and pain and suffering and continues to suffer humiliation,
13  embarrassment, mental and emotional distress, and distress, and discomfort, all to plaintiff's damage in
14  an amount to be determined by proof at trial.

15  WHEREFORE, Plaintiff prays judgment as more particularly set forth below.

18  *TWELFTH CAUSE OF ACTION*
    *[Suppression of Fact]*

20  73.    Plaintiff incorporates by reference and realleges paragraphs 1 through 72, inclusive,
22  herein, as though set forth at length.

24  74.    On several occasions, beginning on or about over a period of 10 years while plaintiff was
25  employed by defendants, state of California and its' Agencies, it was  represented to plaintiff, essentially,
27  that:

28

(a)     Said defendants would provide plaintiff with a safe and pleasant working environment, adequate training and fair and consistent treatment in her employment;

(b)     Said defendants would maintain with plaintiff a cooperative working relationship based on mutual respect and understanding in all aspects of her employment;

(c)     Said defendants would insure that plaintiff would not be discriminated against in any aspect of her employment because of her race, color, age, religion, ancestry, medical condition, national origin or employment status;

77.     When defendants made the representations they suppressed the facts that:

(a)     Defendants had no intention of and did not provide plaintiff with a safe and pleasant working environment, adequate training and fair and consistent treatment in her employment;

(b)     Defendants had no intention and did not maintain with plaintiff a cooperative working relationship based on mutual respect and understanding in all aspects of her employment;

(c)     Defendants did not insure that plaintiff would not be discriminated against in any aspect of her employment because of her race, color, age, religion, ancestry, medical condition, national origin or employment status.

78.   Defendants knew that suppressing these facts would be likely to mislead plaintiff and, in fact, plaintiff was misled by defendants' suppression of facts.

79.   Defendants suppressed these facts with the intent to induce plaintiff to, and plaintiff did, act as herein alleged.

80.   At the time Defendants suppressed these facts, plaintiff was ignorant thereof. plaintiff believed defendants' representations, or acted as herein alleged, had plaintiff known defendants had suppressed these facts, plaintiff would not have so acted.

WHEREFORE, Plaintiff prays judgment as more particularly set forth below.

*THIRTEENTH CAUSE OF ACTION*
*[Civil Rights Title VII; 42 USC §1981]*

81.   Plaintiff incorporates by reference and realleges paragraphs 1 through 80, inclusive, herein, as though set forth at length.

82.   In failing to protect plaintiff from the continuing discrimination, harassment, differential treatment and other conduct described herein and constructively terminating plaintiff in retaliation for objecting to harassment, discrimination and differential conduct, defendants, and each of them, abused their special position as plaintiff's superiors which vested them with substantial power to control her work environment and to damage her interests and well-being.

83.     Through the outrageous conduct described above, defendants, and each of them, acted with the intent to cause, or with reckless disregard for the probability of causing plaintiff to suffer severe emotional distress.

84.     As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she will incur medical expenses for treatment by healthcare professionals, and for other incidental expenses and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, plaintiff prays as follows:

1. For back pay, front pay and other monetary damages, according to proof;

2. For general damages according to proof;

3. For special damages according to proof;

4. For punitive damages according to proof;

5. For interest on the sum of damages awarded calculated from July 17, 1995, to the date of judgment;

6. For attorneys' fees herein incurred, as allowed by law;

7. For costs, as allowed by law; and,

8. For such other and further relief as the Court deems proper the premises.

Law Offices of
DANIEL L. MITCHELL

By
DANIEL L. MITCHELL
Attorneys for Plaintiff
ORALEE WOODSON

# EXHIBIT B

Case 2:15-cv-01106-MCE-KJN   Document 1-1   Filed 06/03/15   Page 24 of 25

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* STATE OF CALIFORNIA; CALIFORNIA
DEPARTMENT OF CORRECTIONS & REHABILITATION;
DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF

*Angela Constantino*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ORALEE WOODSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Joaquin County Superior Court, 222 East Weber Ave. #303<br>Stockton, CA 95202 | **CASE NUMBER:**<br>*(Número del Caso):*<br>39-2015-00322401 C U BC STK |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L Mitchell, Esq. (SBN 34442) 1151 Harbor Bay Parkway, Suite 121, Alameda, CA 94502
510-864-8885

| DATE: MAR 0 9 2015 | ROSA JUNQUEIRO | Clerk, by Angela Constantino | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**COPIES ISSUED**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.JurisSearch.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| WOODSON v. STATE OF CALIFORNIA, et al | 39-2015 00322401 CU BC STK |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JUVENILE JUSTICE; DONNIE ALEXANDER
DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 to 25

Page  2  of  2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons