KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General
VANESSA W. MOTT
Deputy Attorney General
State Bar No. 184606
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-4979
  Fax: (916) 324-5567
  E-mail: Vanessa.Mott@doj.ca.gov
*Attorneys for Defendants*
*Department of Corrections & Rehabilitation*
*and Donnie Alexander*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON,<br><br>                           Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,<br><br>                           Defendants | Case No. 2:15-cv-01206-MCE-CKD<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**<br><br>Sacramento County Superior Court Case No. 39-2015-00322401-CU-BC-STK<br><br>Date: July 16, 2015<br>Time: 9:00 a.m.<br>Room: 7<br>Judge: The Hon. Morrison C. England, Jr. |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

SUMMARY OF ALLEGED FACTS ................................................................................. 1

LEGAL STANDARD FOR MOTION TO DISMISS ........................................................ 2

ARGUMENT ....................................................................................................................... 2

    I.    The Common Law Claims Do Not Impose Liability Upon Public Entities Or Its Employees ................................................................................................ 2

    II.   The Prayer for Punitive Damages and the Allegations in Support Thereof Must Be Stricken Because Such Claims Are Barred Pursuant to Government Code Section 818 ............................................................................ 4

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Bass v. First Pac. Networks, Inc.*
  219 F.3d 1052 (9th Cir. 2000) .............................................................................. 2

*Bell Atlantic Corp v. Twombly*
  550 U.S. 544 (2007) ............................................................................................ 2

*Broughton v. Cutter Labs.*
  622 F.2d 458 (9th Cir. 1980) ................................................................................ 2

*Cochran v. Herzog Engraving Co.*
  155 Cal.App.3d 405 (1984) .................................................................................. 3

*Harshbarger v. City of Colton*
  197 Cal.App.3d 1335 (1988) ................................................................................ 3

*Mayfield v. County of Merced*
  2014 WL 2574791 (E.D.2014) ............................................................................. 4

*Morris v. State of California*
  89 Cal.App.3d 962 (1979) .................................................................................... 3

*Paulsen v. CNF Inc.*
  559 F.3d 1061 (9th Cir. 2009) .............................................................................. 2

*Rodriquez v. Inglewood Unified School Dist.*
  186 Cal.App.3d 707 (1986) .................................................................................. 3

*Williams v. Horvath*
  16 Cal.3d 834 (1976) ........................................................................................... 3

**STATUTES**

California Government Code
  § 815 ................................................................................................................ 1, 3

  § 818 ................................................................................................................ 1, 4

**COURT RULES**

Federal Rule of Civil Procedure
  12 (b)(6) ............................................................................................................... 2

**OTHER AUTHORITIES**

Code Federal Regulations
  § 2552.11 .............................................................................................................. 1

## INTRODUCTION

Plaintiff sues the California Department of Corrections and Rehabilitation (Department) and Donnie Alexander through a total of thirteen separate causes of action. Defendants removed this case from San Joaquin County Superior Court based on Plaintiff's claims for "Discrimination," "Harassment" and "Civil Rights" under Title VII, *inter alia*. Plaintiff alleges eight additional causes of action under California common law which should be dismissed. These eight state law claims are improper because the Defendants are immune pursuant to California Government Code section 815. Additionally, Defendants move to dismiss the punitive damage allegations because the Department is exempt from punitive damages pursuant to Government Code Section 818. Defendants' motion should be granted without leave to amend.[1]

## SUMMARY OF ALLEGED FACTS

This case arises under the Foster Grandparent Program. (Title 45, Code Federal Regulations, section 2552.11.) The Foster Grandparent Program provides volunteer mentoring through relationships between "grandparents" and incarcerated youth at the Department of Corrections and Rehabilitation Juvenile Division. Plaintiff worked for many years in the Foster Grandparent Program at N.A. Chaderjian Youth Correctional Facility near Stockton, California. (Complaint, p.4, ¶14.) Plaintiff was one of the "grandparents." In this role, Plaintiff provided close, interpersonal relationships and increased socialization on the part of youthful offenders; helped wards develop socially, emotionally and mentally by listening and understanding their feelings and assisted wards to develop better behavior by acting as a role model, *inter alia*. (*Id.*)

Plaintiff alleges that on March 20, 2014, Defendant Alexander (the Foster Grandparent Program Director) "breached the agreement that existed" when Defendant Alexander accused and fired Plaintiff for making comments which had come to his attention from staff members at N.A. Chaderjian Youth Correctional Facility. (Complaint, p.5, ¶16.) Plaintiff alleges that Defendant Alexander subjected Plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent. (Complaint, p. 6, ¶20(a).) However, aside from these broad conclusory

---

[1] Defendants do *not* move to dismiss Plaintiff's first cause of action for breach of contract nor fifth cause of action for defamation.

allegations, there are few, if any, facts pled in support thereof. In sum, Plaintiff alleges Defendant Alexander accused Plaintiff of a deep lack of respect for other members of the staff, teachers within N.A. Chaderjian Youth Correctional Facility, and other Foster Grandparents and of Anderson. (Complaint, p. 6, ¶20(b).) Plaintiff also claims that Defendant Anderson accused Plaintiff of slandering the reputation of members of the N.A. Chaderjian Youth Correctional Facility staff and undermining their credibility. (Complaint, p. 6 ¶20(c & d).) Defendant Alexander also refused to allow Plaintiff to exercise her grievance rights under the Foster Grandparent Program after Plaintiff was "fired." (*Id.*) Plaintiff alleges that Defendant Alexander's alleged harassment of her "had occurred with other minority female personnel." (Complaint, p. 7, ¶23.) This is largely the entirety of the allegations in this case.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure, subdivision 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted. While generally on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12 (b)(6), all allegations of material fact must be accepted as true and construed in a light most favorable to the plaintiff, that tenet does not apply to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. (*Bell Atlantic Corp v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007).) If a court grants a motion to dismiss, leave to amend is properly denied if it is clear that the deficiencies of the complaint cannot be cured by amendment. (*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).)

## ARGUMENT

I. **THE COMMON LAW CLAIMS DO NOT IMPOSE LIABILITY UPON PUBLIC ENTITIES OR ITS EMPLOYEES**

In a federal question action that involves supplemental jurisdiction over state law claims, courts apply the choice of law rules of the forum state – here California. (*Paulsen v. CNF Inc.*, 559 F.3d 1061 (9th Cir. 2009), citing *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ["A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state…"].)

3

1   Government Code section 815 states that, except as otherwise provided by statute, public
2   entities are not liable for any tortious injury, whether such injury arises out of an act or omission
3   of the public entity or a public employee or any other person. (Gov. Code § 815(a).) This section
4   abolishes all common law or judicially declared forms of liability for public entities and public
5   employees sued in their official capacities, except for constitutionally or statutorily derived
6   liability. (See Legis. Committee Com., Gov. Code, § 815; *Cochran v. Herzog Engraving Co.* 155
7   Cal.App.3d 405, 409 (1984); *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988)
8   [immunity for negligent hiring and supervision].)

9   It is well-established that absent a statute declaring liability for a public entity, there can be
10  no liability. (See *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976); *Morris v. State of California*,
11  89 Cal.App.3d 962, 964 (1979).) For example, public entities are not liable for common law
12  negligence, even if a duty of care is found. (*Rodriquez v. Inglewood Unified School Dist.*, 186
13  Cal.App.3d 707, 715 (1986)): '[A] finding of duty does not guarantee a recovery against a public
14  entity as governmental liability is statutory only.' (*Id.*, at p.723.)

15  Here, Plaintiff alleges the following eight common law causes of action from which
16  Defendants are immune pursuant to California Government Code section 815:

17  (4)  Wrongful Termination
18  (6)  Intentional Interference with Employment Agreement
19  (7)  Negligent Interference with Employment Agreement
20  (8)  Emotional Distress
21  (9)  Fraud
22  (10) Negligent Misrepresentation
23  (11) Negligent Hiring/Supervision
24  (12) Suppression of Fact

25  Defendants are immune from these causes of action pursuant to California Government
26  Code Section 815. (Gov. Code § 815(a), "Except as otherwise provided by statute, a public entity
27  is not liable for an injury, whether such injury arises out of an act or omission of the public entity
28

4

or a public employee or any other person.) Defendants' 12(b)(6) motion should therefore be sustained without leave to amend.

## II. THE PRAYER FOR PUNITIVE DAMAGES AND THE ALLEGATIONS IN SUPPORT THEREOF MUST BE STRICKEN BECAUSE SUCH CLAIMS ARE BARRED PURSUANT TO GOVERNMENT CODE SECTION 818

In paragraph 31 of her Complaint (Second Cause of Action for Discrimination), Plaintiff alleges the following:

> "The conduct of defendants and each of them in terminating plaintiff's employment was done with malice, fraud and oppression and in reckless disregard of plaintiff's rights under the applicable provisions of FEHA, Title VII, and 42 USC §1981…constitute[ing] sufficient oppression and disregard for plaintiff's rights within the meaning of Civil Code §3294, so as to justify an award of punitive damages against defendant Anderson."

Plaintiff further alleges the following in paragraph 48 of her Complaint:

> "With the exception of claims for punitive damages against the public entities, plaintiff incorporates by reference and re-alleges paragraph 1 through 47…"

Lastly, under the Ninth Cause of Action for Fraud, paragraph 65 alleges as follows:

> "[w]as despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages."

Based on these allegations, Plaintiff prays for punitive damages. (Complaint, Prayer, p. 21:16.)

Plaintiff brings this suit against the Department, a state agency. State agencies are immune from claims of punitive damages as a matter of law. (Gov. Code, § 818; *Mayfield v. County of Merced* 2014 WL 2574791 (E.D.2014).) Accordingly, the Court should grant this Motion as to the Department. Defendants request the Court issue a clear order stating that punitive damages may not be recovered against the Department in this action under any of the causes of action at issue in this suit.

///

///

///

///

## CONCLUSION

Plaintiff's common law state claims should not survive this Motion to Dismiss. Moreover, Defendants seek an order stating that the Department is immune from punitive damages in this case.

Dated: June 10, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General

*/s/ Vanessa W. Mott*

VANESSA W. MOTT
Deputy Attorney General
*Attorneys for Defendants*
*Department of Corrections & Rehabilitation and Donnie Alexander*