1   KAMALA D. HARRIS
    Attorney General of California
2   JUDITH A. RECCHIO
    Supervising Deputy Attorney General
3   VANESSA W. MOTT
    Deputy Attorney General
4   State Bar No. 184606
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 445-4979
      Fax:  (916) 324-5567
7     E-mail:  Vanessa.Mott@doj.ca.gov
    *Attorneys for Defendants*
8   *Department of Corrections & Rehabilitation*
    *and Donnie Alexander*

9                   IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13   **ORALEE WOODSON,** | Case No. 2:15-cv-01206-MCE-CKD |
| 14                                        Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)** |
| 15                  v. | |
| 16   **STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,** | Sacramento County Superior Court Case No. 39-2015-00322401-CU-BC-STK |
| 17 | |
| 18 | Date:   August 6, 2015 |
| 19 | Time:  9:00 a.m. |
| 20                                        Defendants | Room:  7 |
| 21 | Judge:  The Hon. Morrison C. England, Jr. |

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

SUMMARY OF ALLEGED FACTS ............................................................................... 1

LEGAL STANDARD FOR MOTION TO DISMISS ..................................................... 2

ARGUMENT ..................................................................................................................... 2

    I.      The Common Law Claims Do Not Impose Liability Upon Public Entities
           Or Its Employees .................................................................................................. 2

    II.     The Prayer for Punitive Damages and the Allegations in Support Thereof
           Must Be Stricken Because Such Claims Are Barred Pursuant to
           Government Code Section 818 ............................................................................. 4

CONCLUSION ................................................................................................................... 5

i

1

## TABLE OF AUTHORITIES

2

CASES

3

*Bass v. First Pac. Networks, Inc.*
4
   219 F.3d 1052 (9th Cir. 2000)......................................................................2

5

*Bell Atlantic Corp v. Twombly*
   550 U.S. 544 (2007).................................................................................2

6

*Broughton v. Cutter Labs.*
7
   622 F.2d 458 (9th Cir. 1980)......................................................................2

8

*Cochran v. Herzog Engraving Co.*
9
   155 Cal.App.3d 405 (1984).......................................................................3

*Harshbarger v. City of Colton*
10
   197 Cal.App.3d 1335 (1988).....................................................................3

11

*Mayfield v. County of Merced*
12
   2014 WL 2574791 (E.D.2014)...................................................................4

13

*Morris v. State of California*
   89 Cal.App.3d 962 (1979).........................................................................3
14

15

*Paulsen v. CNF Inc.*
   559 F.3d 1061 (9th Cir. 2009)....................................................................2

16

*Rodriquez v. Inglewood Unified School Dist.*
17
   186 Cal.App.3d 707 (1986).......................................................................3

18

*Williams v. Horvath*
   16 Cal.3d 834 (1976) ..............................................................................3
19

STATUTES
20

21

California Government Code
   § 815.........................................................................................1, 3

22

   § 818.........................................................................................1, 4

23

COURT RULES
24

25

Federal Rule of Civil Procedure
   12 (b)(6) ...............................................................................................2

26

OTHER AUTHORITIES
27

Code Federal Regulations
28
   § 2552.11.............................................................................................1

1

**INTRODUCTION**

Plaintiff sues the California Department of Corrections and Rehabilitation (Department) and Donnie Alexander through a total of thirteen separate causes of action.  Defendants removed this case from San Joaquin County Superior Court based on Plaintiff's claims for "Discrimination," "Harassment" and "Civil Rights" under Title VII, *inter alia*.  Plaintiff alleges eight additional causes of action under California common law which should be dismissed.  These eight state law claims are improper because the Defendants are immune pursuant to California Government Code section 815.  Additionally, Defendants move to dismiss the punitive damage allegations because the Department is exempt from punitive damages pursuant to Government Code Section 818.  Defendants' motion should be granted without leave to amend.[1]

**SUMMARY OF ALLEGED FACTS**

This case arises under the Foster Grandparent Program.  (Title 45, Code Federal Regulations, section 2552.11.)  The Foster Grandparent Program provides volunteer mentoring through relationships between "grandparents" and incarcerated youth at the Department of Corrections and Rehabilitation Juvenile Division.  Plaintiff worked for many years in the Foster Grandparent Program at N.A. Chaderjian Youth Correctional Facility near Stockton, California.  (Complaint, p.4, ¶14.)  Plaintiff was one of the "grandparents."  In this role, Plaintiff provided close, interpersonal relationships and increased socialization on the part of youthful offenders; helped wards develop socially, emotionally and mentally by listening and understanding their feelings and assisted wards to develop better behavior by acting as a role model, *inter alia*.  (*Id.*)

Plaintiff alleges that on March 20, 2014, Defendant Alexander (the Foster Grandparent Program Director)"breached the agreement that existed" when Defendant Alexander accused and fired Plaintiff for making comments which had come to his attention from staff members at N.A. Chaderjian Youth Correctional Facility.  (Complaint, p.5, ¶16.)  Plaintiff alleges that Defendant Alexander subjected Plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent.  (Complaint, p. 6, ¶20(a).)  However, aside from these broad conclusory

---

[1] Defendants do <u>not</u> move to dismiss Plaintiff's first cause of action for breach of contract nor fifth cause of action for defamation.

1  allegations, there are few, if any, facts pled in support thereof.  In sum, Plaintiff alleges Defendant

2  Alexander accused Plaintiff of a deep lack of respect for other members of the staff, teachers

3  within N.A. Chaderjian Youth Correctional Facility, and other Foster Grandparents and of

4  Anderson.  (Complaint, p. 6, ¶20(b).)  Plaintiff also claims that Defendant Anderson accused

5  Plaintiff of slandering the reputation of members of the N.A. Chaderjian Youth Correctional

6  Facility staff and undermining their credibility.  (Complaint, p. 6 ¶20(c & d).)  Defendant

7  Alexander also refused to allow Plaintiff to exercise her grievance rights under the Foster

8  Grandparent Program after Plaintiff was "fired."  (*Id.*)  Plaintiff alleges that Defendant

9  Alexander's alleged harassment of her "had occurred with other minority female personnel."

10  (Complaint, p. 7, ¶23.)  This is largely the entirety of the allegations in this case.

11  **LEGAL STANDARD FOR MOTION TO DISMISS**

12  Under Federal Rule of Civil Procedure, subdivision 12(b)(6), a claim may be dismissed

13  for failure to state a claim upon which relief may be granted.  While generally on a motion to

14  dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12 (b)(6), all

15  allegations of material fact must be accepted as true and construed in a light most favorable to the

16  plaintiff, that tenet does not apply to threadbare recitals of a cause of action's elements, supported

17  by mere conclusory statements.  (*Bell Atlantic Corp v. Twombly (Twombly)*, 550 U.S. 544, 555

18  (2007).)  If a court grants a motion to dismiss, leave to amend is properly denied if it is clear that

19  the deficiencies of the complaint cannot be cured by amendment.  (*Broughton v. Cutter Labs.*,

20  622 F.2d 458, 460 (9th Cir. 1980).)

21  **ARGUMENT**

22  **I.   THE COMMON LAW CLAIMS DO NOT IMPOSE LIABILITY UPON PUBLIC ENTITIES
        OR ITS EMPLOYEES**

23
   In a federal question action that involves supplemental jurisdiction over state law claims,

24  courts apply the choice of law rules of the forum state – here California.  *(Paulsen v. CNF Inc.,*

25  559 F.3d 1061 (9th Cir. 2009), *citing Bass v. First Pac. Networks, Inc.,* 219 F.3d 1052, 1055 n.2

26  (9th Cir. 2000) ["A federal court exercising supplemental jurisdiction over state law claims is

27  bound to apply the law of the forum state…"].)

28

3

Government Code section 815 states that, except as otherwise provided by statute, public entities are not liable for any tortious injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. (Gov. Code § 815(a).)  This section abolishes all common law or judicially declared forms of liability for public entities and public employees sued in their official capacities, except for constitutionally or statutorily derived liability. (See Legis. Committee Com., Gov. Code, § 815; *Cochran v. Herzog Engraving Co*. 155 Cal.App.3d 405, 409 (1984); *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988) [immunity for negligent hiring and supervision].)

It is well-established that absent a statute declaring liability for a public entity, there can be no liability.  (See *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976); *Morris v. State of California*, 89 Cal.App.3d 962, 964 (1979).)  For example, public entities are not liable for common law negligence, even if a duty of care is found.  (*Rodriquez v. Inglewood Unified School Dist.,* 186 Cal.App.3d 707, 715 (1986)): '[A] finding of duty does not guarantee a recovery against a public entity as governmental liability is statutory only.' (*Id*., at p.723.)

Here, Plaintiff alleges the following eight common law causes of action from which Defendants are immune pursuant to California Government Code section 815:

       (4)  Wrongful Termination

       (6)  Intentional Interference with Employment Agreement

       (7)  Negligent Interference with Employment Agreement

       (8)  Emotional Distress

       (9)  Fraud

       (10)  Negligent Misrepresentation

       (11)  Negligent Hiring/Supervision

       (12)  Suppression of Fact

Defendants are immune from these causes of action pursuant to California Government Code Section 815.  (Gov. Code § 815(a), "Except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity

4

1    or a public employee or any other person.)  Defendants' 12(b)(6) motion should therefore be

2    sustained without leave to amend.

3    **II.   THE PRAYER FOR PUNITIVE DAMAGES AND THE ALLEGATIONS IN SUPPORT THEREOF MUST BE STRICKEN BECAUSE SUCH CLAIMS ARE BARRED PURSUANT TO**

4    **GOVERNMENT CODE SECTION 818**

5         In paragraph 31 of her Complaint (Second Cause of Action for Discrimination), Plaintiff

6    alleges the following:

7         "The conduct of defendants and each of them in terminating plaintiff's employment
         was done with malice, fraud and oppression and in reckless disregard of plaintiff's

8         rights under the applicable provisions of FEHA, Title VII, and 42 USC
         §1981…constitute[ing] sufficient oppression and disregard for plaintiff's rights

9         within the meaning of Civil Code §3294, so as to justify an award of punitive
         damages against defendant Anderson."

10

11   Plaintiff further alleges the following in paragraph 48 of her Complaint:

12        "With the exception of claims for punitive damages against the public entities,
         plaintiff incorporates by reference and re-alleges paragraph 1 through 47…"

13

14   Lastly, under the Ninth Cause of Action for Fraud, paragraph 65 alleges as follows:

15        "[w]as despicable conduct that subjected plaintiff to cruel and unjust hardship in
         conscious disregard of plaintiff's rights, so as to justify an award of exemplary and

16        punitive damages."

17        Based on these allegations, Plaintiff prays for punitive damages.  (Complaint, Prayer, p.

18   21:16.)

19        Plaintiff brings this suit against the Department, a state agency.  State agencies are immune

20   from claims of punitive damages as a matter of law. (Gov. Code, § 818; *Mayfield v. County of*

21   *Merced* 2014 WL 2574791 (E.D.2014).)  Accordingly, the Court should grant this Motion as to

22   the Department.  Defendants request the Court issue a clear order stating that punitive damages

23   may not be recovered against the Department in this action under any of the causes of action at

24   issue in this suit.

25        ///

26        ///

27        ///

28        ///

1                           **CONCLUSION**

2         Plaintiff's common law state claims should not survive this Motion to Dismiss.  Moreover,

3 Defendants seek an order stating that the Department is immune from punitive damages in this

4 case.

5

                                  Respectfully Submitted,

6 Dated:  June   , 2015

                                  KAMALA D. HARRIS

7                                   Attorney General of California

                                  JUDITH A. RECCHIO

8                                   Supervising Deputy Attorney General

9

10

11                                   VANESSA W. MOTT

                                  Deputy Attorney General

12                                   *Attorneys for Defendants*

                                  *Department of Corrections & Rehabilitation and*

13                                   *Donnie Alexander*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28