UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON, | No. 2:15-cv-01206-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    This is a civil rights action in which Plaintiff Oralee Woodson ("Plaintiff") is proceeding through counsel.  Defendants have filed a Motion to Dismiss (ECF No. 5), which seeks dismissal of several of Plaintiff's claims on grounds of qualified immunity.[1] A hearing on Defendants' Motion was scheduled for August 6, 2015.  The Court, however, vacated that hearing in light of Plaintiff's failure to timely file either an opposition or a statement of non-opposition.  ECF No. 7; see also E.D. Cal. Local R. 230(c) (requiring that either an opposition or a statement of non-opposition be filed "not less than fourteen (14) days preceding the noticed (or continued) hearing date").

    The Court also ordered Plaintiff to show cause in writing why this case should not be dismissed for noncompliance with the Local Rules and/or court orders, failure to

---

[1] Specifically, Defendants seek dismissal of the fourth and sixth through twelfth causes of action, as well as Plaintiff's claim for punitive damages against Defendant Department of Corrections & Rehabilitation.

1  prosecute pursuant to this Court's inherent authority to control its docket, and/or Federal
2  Rule of Civil Procedure 41(b).  ECF No. 7.  On August 4, 2015, Plaintiff's counsel filed a
3  response to the order to show cause in which he accepted responsibility for "the
4  calendaring error."  ECF No. 8 at 2.  Although Plaintiff's counsel has filed a response to
5  the order to show cause, he has still not filed either an opposition to Defendant's Motion
6  to Dismiss or a statement of non-opposition to that Motion.

   "Failure to follow a district court's local rules is a proper ground for dismissal."
   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

> Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.

Ghazali, 46 F.3d at 53 (internal quotation marks omitted).

   As noted above, Local Rule 230(c) requires that a responding party file either an opposition or a statement of non-opposition to a motion not less than fourteen (14) days before the hearing date.  Plaintiff, by not filing either an opposition or a statement of non-opposition to Defendants' Motion to Dismiss, failed to comply with Local Rule 230(c).  As to the factors that the Ninth Circuit identified and enumerated in Ghazali:  the first three factors favor dismissal, and the fourth weighs against dismissal.  The Court finds that the fifth factor is neutral, as there are both less drastic sanctions (e.g., monetary sanctions) and more drastic sanctions (e.g., dismissing Plaintiff's Complaint outright and closing this action) available.  On balance, the Court finds that these factors support dismissal of the causes of action identified in Defendants' Motion to Dismiss.

///
///
///
///
///

1  Accordingly, Defendants' Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's
2 fourth and sixth through twelfth causes of action are DISMISSED, as is Plaintiff's claim
3 for punitive damages against Defendant Department of Corrections & Rehabilitation.
4  IT IS SO ORDERED.
5 Dated: August 10, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT