KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General
VANESSA W. MOTT
Deputy Attorney General
State Bar No. 184606
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-4979
Fax: (916) 324-5567
E-mail: Vanessa.Mott@doj.ca.gov
*Attorneys for Defendants*
*Department of Corrections & Rehabilitation*
*and Donnie Alexander*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORALEE WOODSON,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,**<br>Defendants. | Case No. 2:15-cv-01206-MCE-CKD<br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants California Department of Corrections and Rehabilitation (the "Department") and Donnie Alexander (collectively "Defendants") answer the Complaint ("Complaint") of Oralee Woodson as follows:

**GENERAL ALLEGATIONS**

1. Answering Paragraph 1 of the Complaint, the allegations are legal assertions which Defendants are not required to answer.

2. Answering Paragraph 2 of the Complaint, the allegations are legal assertions which Defendants are not required to answer.

3. Answering Paragraph 3 of the Complaint, Defendants deny these allegations.

4. Answering Paragraph 4 of the Complaint, Defendants deny these allegations.

5. Answering Paragraph 5 of the Complaint, the Department admits that it is a public entity that provides services within the State of California, and an agency of the State of California. The remaining allegations are legal assertions which the Department is not required to answer. To the extent not specifically admitted, the Department denies the remaining allegations. Defendant Alexander responds that this paragraph does not relate to him, and on that basis the averments do not require affirmative admissions or denials. To the extent not specifically admitted, Defendants deny the remaining allegations.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Defendant Alexander was an employee of the Department at certain relevant time periods. Defendants also admit that Defendant Alexander was the Program Director for the Foster Grandparent Program at certain relevant times and that Plaintiff was a foster "grandparent" under that program. Defendant Alexander denies the remaining allegations to the extent they are not legal assertions which he is not required to answer. To the extent not specifically admitted, Defendants deny the remaining allegations.

7. Answering Paragraph 7 of the Complaint, the allegations are legal assertions which Defendants are not required to answer.

8. Answering Paragraph 8 of the Complaint, Defendants deny there were unlawful employment practices. Defendants admit that the subject Institution is in San Joaquin County, California. To the extent not specifically admitted, Defendants deny the remaining allegations.

9. Answering Paragraph 9 of the Complaint, Defendants lack sufficient information to admit or deny such allegations and on that basis, deny them.

10. Answering Paragraph 10 of the Complaint, the first sentence contains allegations that are legal assertions which Defendants are not required to answer. Defendants deny that Plaintiff was terminated from her position…on account of her sex, race/color and national orgin/ancestry

in violation of those relevant provisions of the FEHA and Title VII. The remaining allegations are legal assertions which Defendants are not required to answer.

11. Answering Paragraph 11 of the Complaint, Defendants admit this Paragraph.

12. Answering Paragraph 12 of the Complaint Defendants lack sufficient information to admit or deny such allegations and on that basis, deny them.

**FIRST CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

13. Answering Paragraph 13 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer.

14. Answering Paragraph 14 of the Complaint, Defendants deny these allegations.

15. Answering Paragraph 15 of the Complaint, Defendants deny that there was an "agreement" between Plaintiff and the Department or Defendant Alexander. The remaining allegations of this Paragraph consist of legal assertions which Defendants are not required to answer. To the extent the paragraph makes any factual allegations against Defendants, Defendants lack sufficient information to admit or deny such allegations and on that basis, deny them.

16. Answering Paragraph 16 of the Complaint, Defendants admit that on or about March 20, 2014 Plaintiff ceased performing as a volunteer "grandparent" under the Foster Grandparent Program at the subject Institution. Defendants admit that "comments" made by Plaintiff had come to Defendant Alexander's attention from staff members at N.A. Chaderjian Youth Correctional Facility. To the extent not specifically admitted, Defendants deny the remaining allegations.

17. Answering Paragraph 17 of the Complaint, Defendants deny these allegations.

**SECOND CAUSE OF ACTION**

**(DISCRIMINATION)**

18. Answering Paragraph 18 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer.

19. Answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff was a volunteer Foster Grandparent for at least 10 years. To the extent not specifically admitted, Defendants deny the remaining allegations.

20. Answering Paragraph 20 of the Complaint, Defendants deny these allegations.

With respect to subsection (a), Defendants deny these allegations.

With respect to subsection (b), (c) and (d), Defendants admit that Defendant Alexander learned Plaintiff was exhibiting a deep lack of respect for other members of the staff, of teachers and other Foster Grandparents. To the extent not specifically admitted, Defendants deny the remaining allegations in subsections (b), (c) and (d).

With respect to subsection (e), Defendants deny these allegations.

21. Answering Paragraph 21 of the Complaint, Defendants deny these allegations.

22. Answering Paragraph 22 of the Complaint, Defendants admit that on or about March 20, 2014 Plaintiff ceased performing as a foster "grandparent" under the Foster Grandparent Program at the subject Institution. Defendants deny the remaining allegations in this Paragraph.

23. Answering Paragraph 23 of the Complaint, Defendants deny these allegations.

24. Answering Paragraph 24 of the Complaint, Defendants deny these allegations.

25. Answering Paragraph 25 of the Complaint, Defendants deny these allegations.

26. Answering Paragraph 26 of the Complaint, Defendants deny these allegations.

27. Answering Paragraph 27 of the Complaint, Defendants deny these allegations.

28. Answering Paragraph 28 of the Complaint, Defendants deny these allegations.

29. Answering Paragraph 29 of the Complaint, Defendants deny these allegations.

30. Answering Paragraph 30 of the Complaint, Defendants deny these allegations.

31. Answering Paragraph 31 of the Complaint, Defendants deny these allegations.

**THIRD CAUSE OF ACTION**

**(SEXUAL HARASSMENT)**

32. Answering Paragraph 32 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer.

33. Answering Paragraph 33 of the Complaint, Defendants deny these allegations.

34. Answering Paragraph 34 of the Complaint, Defendants deny these allegations.

**FIFTH CAUSE OF ACTION[1]**

**(DEFAMATION)**

39. Answering Paragraph 39 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer.

40. Answering Paragraph 40 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer. To the extent the paragraph makes any factual allegations against Defendants, Defendants lack sufficient information to admit or deny such allegations and on that basis, deny them.

41. Answering Paragraph 41 of the Complaint, the Paragraph is vague and ambiguous. The Paragraph also consists of legal assertions which Defendants are not required to answer. To the extent the paragraph makes any factual allegations against Defendants, Defendants lack sufficient information to admit or deny such allegations and on that basis, deny them.

42. Answering Paragraph 42 of the Complaint, Defendants deny these allegations

43. Answering Paragraph 43 of the Complaint, Defendants deny these allegations.

44. Answering Paragraph 44 of the Complaint, Defendants deny these allegations.

**THIRTEENTH CAUSE OF ACTION[2]**

**(CIVIL RIGHTS TITLE VII; 42 USC §1981)**

81. Answering Paragraph 81 of the Complaint, the Paragraph consists of legal assertions which Defendants are not required to answer.

82. Answering Paragraph 82 of the Complaint, Defendants deny these allegations.

83. Answering Paragraph 83 of the Complaint, Defendants deny these allegations.

---

[1] Paragraphs 35-38 of the Complaint comprise Plaintiff's Wrongful Termination claim which was dismissed by the Court via Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6). Therefore, said paragraphs will not be addressed herein.

[2] Paragraphs 45-47 (Intentional Interference with Employment Agreement), Paragraphs 48-50 (Negligence Interference with Employment Agreement), Paragraphs 51-60 (Emotional Distress), Paragraphs 61-65 (Fraud), Paragraphs 66-67 (Negligent Misrepresentation), Paragraphs 69-72 (Negligent Hiring and Supervision) and Paragraphs 73-80 (Suppression of Fact) will not be addressed herein. Said claims were dismissed by the Court via Defendants' FRCP 12(b)(6) Motion to Dismiss.

84. Answering Paragraph 84 of the Complaint, Defendants deny these allegations.

**PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever.

**GENERAL DENIAL**

1. Defendants deny each allegation not specifically admitted above.

**AFFIRMATIVE DEFENSES**

**DEFENSE NO. ONE**

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

**DEFENSE NO. TWO**

If Plaintiff is entitled to any recovery, such recovery must be reduced by the amount attributable to Plaintiff's failure to mitigate damages.

**DEFENSE NO. THREE**

The Complaint and each purported cause of action is barred and this Court is without jurisdiction because Plaintiff has failed to exhaust administrative and judicial remedies.

**DEFENSE NO. FOUR**

The Complaint, and each cause of action therein, is barred because at all relevant times, Defendants' actions with respect to Plaintiff were taken in the legitimate exercise of managerial discretion and based on non-discriminatory and non-harassing reasons. Defendants acted at all times within the scope of discretion, in good faith and with due care, pursuant to applicable policies, procedures, regulations and laws.

**DEFENSE NO. FIVE**

Plaintiff's Complaint and each and every cause of action therein is barred by applicable governmental immunities, including, but not limited to, Government Code sections 815, 815.2, 818, 818.2, 820, 820.2 and 821.6, and otherwise under state law.

///

///

**DEFENSE NO. SIX**

The Complaint and each and every cause of action therein is barred by the doctrine of res judicata and/or collateral estoppel.

**DEFENSE NO. SEVEN**

If Plaintiff is entitled to recovery, such recovery must be reduced by the amount Plaintiff received from collateral or alternative sources, and Defendants shall be entitled to a set-off in the amounts of any prior, pending, and/or ongoing recoveries for the same injuries or damages alleged in this action pursuant to Government Code section 985.

**DEFENSE NO. EIGHT**

The Complaint and each and every cause of action therein is barred by applicable statutes of limitation, including but not limited to Government Code sections 911.2, 945.6, 12960, 12965 and 19630, and Code of Civil Procedure sections 338(a), 339(1), 340, 342 and 343.

**DEFENSE NO. NINE**

Defendants allege that the damages, if any, suffered by Plaintiff were not caused by Defendants but were the result of Plaintiff's own actions or breaches, or acts of third parties over which these answering Defendanst had no control.

**DEFENSE NO. TEN**

The Complaint is barred by the doctrine of laches, unclean hands, waiver, consent and/or estoppel.

**DEFENSE NO. ELEVEN**

The Complaint, and each claim for relief therein, is barred because at all relevant times, Defendants exercised reasonable care to prevent and correct promptly any harassing, discriminatory, and/or otherwise illegal behavior; and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants, or to avoid harm otherwise.

**DEFENSE NO. TWELVE**

Defendants are not vicariously liable for any act or omission of any other person, by way of respondeat superior or otherwise.

**DEFENSE NO. THIRTEEN**

Defendants are relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

**DEFENSE NO. FOURTEEN**

The Complaint, and each claim for relief therein, is barred by the exclusive remedies of the Workers' Compensation Act, Labor Code section 3200 et seq.

**DEFENSE NO. FIFTEEN**

The Complaint, and each purported claim for relief therein, is barred completely or in part by the doctrine of after-acquired evidence.

**DEFENSE NO. SIXTEEN**

The Complaint fails to state a claim against Defendants because the actions taken by Defendants with regard to Plaintiff, and the policies, procedures and standards applied to Plaintiff, were job-related and consistent with business necessity.

**DEFENSE NO. SEVENTEEN**

To the extent that the adverse employment action(s) were motivated by both discriminatory and non-discriminatory reasons, Defendants are not liable for Plaintiff's alleged injuries and damages, because legitimate reasons, standing alone, would have induced Defendants to make the same decision(s).

**DEFENSE NO. EIGHTEEN**

The Complaint fails to state a claim against Defendants because Plaintiff was not an employee of the Department.

**DEFENSE NO. NINETEEN**

The Complaint fails to state a claim against Defendants because Plaintiff was removed from being a foster "grandparent" for cause.

///

///

///

**ADDITIONAL DEFENSES**

Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all additional defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional defenses, if and to the extent such additional defenses are applicable.

WHEREFORE, Defendants prays for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff on the Complaint as a whole, and that Plaintiff take nothing by way of this action;

2. That the Complaint and each cause of action therein, be dismissed with prejudice;

3. That Defendants be awarded the costs, expenses, and attorneys fees incurred in this action, including, but not limited to, those costs contemplated by Government Code section 6103 et seq.; and

4. That the Court grant such additional relief as it deems proper.

Dated: August 21, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General

*/s/ Vanessa W. Mott*

VANESSA W. MOTT
Deputy Attorney General
*Attorneys for Defendants Department of Corrections & Rehabilitation and Donnie Alexander*

SA2015103543
11961028.doc