KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General
VANESSA W. MOTT
Deputy Attorney General
State Bar No. 184606
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-4979
 Fax:  (916) 324-5567
 E-mail:  Vanessa.Mott@doj.ca.gov
*Attorneys for Defendants
Department of Corrections & Rehabilitation
and Donnie Alexander*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORALEE WOODSON,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,**<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-01206-MCE-CKD<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)**<br><br>Date:　　　November 12, 2015<br>Time:　　　2:00 p.m.<br>Dept:　　　7<br>Judge:　　　Morrison C. England<br>Trial Date:　N/A<br>Action Filed:　February 27, 2015 |

**TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................................... 1

Summary of Alleged Facts .................................................................................................... 1

Legal Standard for Motion for Judgment on the Pleadings ................................................... 2

Argument ............................................................................................................................... 3

    I.     Plaintiff was not an employee for purposes of FEHA or Title VII. ......................... 3

          A.    Because plaintiff was an uncompensated volunteer, not an employee, Plaintiff's FEHA claim must be dismissed ................................ 3

          B.    The Title VII claim must also be dismissed as a matter of law .................. 3

    II.    Plaintiff's claim for defamation must be dismissed as to both Defendants CDCR and Alexander ............................................................................................... 4

    III.   Defendant Alexander should be dismissed from this case entirely ......................... 5

          A.    Plaintiff's Title VII and FEHA claims because he is not individually liable for discrimination and because Plaintiff has failed to allege sexual harassment against him ........................................... 5

               1.    There is No Individual Liability Under Title VII Against Defendant Alexander ....................................................................... 5

               2.    There is no individual liability under FEHA against Defendant Alexander as to FEHA discrimination and Plaintiff failed to allege FEHA sexual harassment against him ........................................................................................................ 5

                    a.    The California Supreme Court has foreclosed individual liability for FEHA discrimination ...................... 5

                    b.    Plaintiff's complaint, if true, does not set forth a claim of sexual harassment against Defendant Alexander ............................................................................................ 5

          B.    Plaintiff's breach of contract claim is against CDCR, not Defendant Donnie Alexander ....................................................................... 6

Conclusion ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Care Plus Ins. Marketing v. Connecticut General Life Ins. Co.*
WL 5394772 (E.D. Cal. 2010) ..... 4

*City of Emeryville v. Cohen*
233 Cal.App.4th 293 (2015) ..... 3

*Fisher v. San Pedro Peninsula Hospital*
214 Cal.App.3d 590 (1989) ..... 6

*Fleming v. Pickard*
581 F. 3d 922 (9th Cir. 2009) ..... 3

*Kelly-Zurian v. Wohl Shoe Co., Inc.*
22 Cal.App.4th 397 (1994) ..... 6

*Mendoza v. Town of Ross*
128 Cal.App.4th 625 (2005) ..... 3

*Miller v. Maxwell's Intern, Inc.*
991 F. 2d 583 (9th Cir. 1993) ..... 1, 5

*Price v. Stossel*
620 F. 3d 992 (9th Cir. 2010) ..... 4

*Reno v. Baird*
18 Cal.4th 640 (1998) ..... 1, 5

*Sheffield v. Los Angeles County Department of Social Services*
109 Cal.App.4th 153 (2003) ..... 6

**STATUTES**

California Code of Civil Procedure
§ 340(c) ..... 4

California Code of Regulations
§11008(b) ..... 3

California Government Code
§ 12940(a) ..... 3

42 U.S Code
§ 2000e(f) ..... 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**COURT RULES**

Federal Rule of Civil Procedure
    12(b)(6) ...........................................................................................................................2
    12(c) ................................................................................................................................2
    12(c) ................................................................................................................................2

**OTHER AUTHORITIES**

45 C.F.R.
    § 2552.11 (2009) ............................................................................................................1
    § 2552.45 (2009) ....................................................................................................1, 3, 4
    § 2552.47 (2009) ............................................................................................................3

**INTRODUCTION**

This case arises under the Foster Grandparent Program which provides volunteer mentoring between "grandparents" and incarcerated youth at CDCR's Juvenile Division. Plaintiff, a volunteer "grandparent," disparaged teachers to other staff at N.A. Chaderjian Youth Correctional Facility. Following three staff complaints, Program Director Defendant Donnie Alexander removed Plaintiff from the program. Plaintiff now brings a number of employment claims under Title VII and the California Fair Employment and Housing Act ("FEHA") based on her race and sex. However, Plaintiff's employment claims must be dismissed because Plaintiff was a volunteer, not an employee, of CDCR. 45 C.F.R. § 2552.45 (2009) ["Foster Grandparents are volunteers, and *are not employees* ..."] [Emphasis added]. Neither Title VII or FEHA applies in this case.

Defendants also move to dismiss Plaintiff's defamation claim because it does not meet the elements of either slander or libel and the one-year statute of limitations has long expired. Finally, Defendant Alexander from this action entirely. First he must be dismissed because there is no individual supervisory liability under Title VII. *Miller v. Maxwell's Intern, Inc.* 991 F. 2d 583, 587 (9th Cir. 1993). Similarly, under well-established California law, there is no individual liability against Defendant Alexander as to Plaintiff's FEHA discrimination claim. *Reno v. Baird* 18 Cal.4th 640 (1998). Finally, Plaintiff's claim for breach of contract is against CDCR, not Defendant Alexander personally.

**SUMMARY OF ALLEGED FACTS**

Plaintiff volunteered for many years in the Foster Grandparent Program[1] at N.A. Chaderjian Youth Correctional Facility (the "Facility") near Stockton, California. Complaint, p.4, ¶14. In the role of "grandparent," Plaintiff was to provide close interpersonal relationships and increased socialization on the part of youthful offenders; help wards develop socially, emotionally and mentally by listening and understanding their feelings and assist wards to develop better

---

[1] 45 C.F.R. § 2552.11 (2009)

1

**MOTION TO DISMISS PURSUANT TO FRCP 12(c)** (2:15-cv-01206-MCE-CKD)

behavior by acting as a role model, *inter alia*. *Id*.

Plaintiff alleges that on March 20, 2014, Defendant Alexander (the Foster Grandparent Program Director) "breached the agreement that existed" when Defendant Alexander "fired" Plaintiff for making comments which had come to his attention from staff members at the Facility. Complaint, p.5, ¶16. Plaintiff alleges that Defendant Alexander subjected Plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent. Complaint, p. 6, ¶20(a). However, aside from this conclusory allegation, there are few, if any, facts pled in support thereof. In sum, Plaintiff alleges that Defendant Alexander accused Plaintiff of a deep lack of respect for other members of the staff, teachers within the Facility, other Foster Grandparents and of Alexander. Complaint, p. 6, ¶20(b). Plaintiff also claims that Defendant Alexander accused Plaintiff of slandering the reputation of members of the Facility staff and undermining their credibility. Complaint, p. 6 ¶20(c & d). Plaintiff further claims that Defendant Alexander "had a reputation" for "harassing minority women." Complaint, p. 10, ¶33. This is largely the entirety of the discrimination and harassment allegations in this case.

As to defamation, Plaintiff alleges that "Defendants' termination of plaintiff expressly and implicitly represented to her and other fellow employees that she was not performing her work satisfactorily, was insubordinate and dishonest." Complaint, p. 12, ¶40. She further alleges that the harassment, discrimination and "subsequent termination" "on the grounds she did not perform her work satisfactorily was insubordinate and dishonest, was false." Complaint, p. 12, ¶41. Finally, Plaintiff alleges that Defendants' conduct required "plaintiff to repeat to other, future employers that she was fired and the reasons therefore." Complaint, p. 12, ¶43. Defendants "knew" that Plaintiff would be required to make this disclosure and explain the circumstances of her termination against her will and to her detriment in order to obtain future employment. *Id*.

**LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

Under Federal Rule of Civil Procedure, subdivision 12(c), a party may move for judgment on the pleadings after the pleadings have finished, so long as it is done early enough to avoid delaying trial. Fed. R. Civ. P 12(c). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion: judgment on the pleadings is appropriate

2

when, even if all material facts in the pleading are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F. 3d 922, 925 (9th Cir. 2009). The court must assume that the material facts alleged in the complaint are true. *Id*. at 925.

**ARGUMENT**

I. **PLAINTIFF WAS NOT AN EMPLOYEE FOR PURPOSES OF FEHA OR TITLE VII.**

  A. **Because Plaintiff was an Uncompensated Volunteer, Not an Employee, Plaintiff's FEHA Claim Must be Dismissed**

The protections of FEHA apply to all California employees and applicants for employment. Cal. Gov. Code §12940(a); 2 Cal.Code Reg.§11008(b) ["employee" defined]. California case law holds that uncompensated volunteers are not considered employees for purposes of FEHA. *Mendoza v. Town of Ross*, 128 Cal.App.4th 625 (2005) (affirming demurrer on plaintiff's FEHA termination claim on the grounds that Plaintiff was a volunteer, not an employee.)[2]

The Foster Grandparent Program expressly states that "grandparents" are volunteers, *not* employees. 45 C.F.R. § 2552.45 (2009) ["Foster Grandparents are volunteers, and are not employees of the sponsor, the volunteer station, the Corporation, or the Federal Government."] Under the Foster Grandparent Program, "grandparents" receive no compensation or wages. 45 C.F.R. §§ 2552.46 and 2552.47 (2009). Because Plaintiff was an uncompensated volunteer and not an employee, FEHA is inapplicable in this case. Plaintiff's FEHA claims must be dismissed as a matter of law.

  B. **The Title VII Claim Must Also be Dismissed as a Matter of Law**

Title VII applies to current and former employees and applicants for employment. 42 U.S.C. §2000e(f). Title VII defines "employee" as an individual who is employed by an

---

[2] While FEHA was amended January 1, 2015 to apply to unpaid interns, the 2015 Amendment (AB 1443) is not applicable here. AB 1443 only applies to interns or other programs providing unpaid work experience. The goal of the Foster Grandparent Program is to provide mentoring between grandparents and incarcerated youth, not work experience. Regardless, statutory amendments are prospective, not retrospective. *City of Emeryville v. Cohen,* 233 Cal.App.4th 293 (2015) (statute may be applied retroactively only if it contains express language of retroactivity.) The 2015 amendment to FEHA (AB 1443) contains no language expressing retroactivity and hence, the 2015 Amendment is prospective only.

3

**MOTION TO DISMISS PURSUANT TO FRCP 12(c)** (2:15-cv-01206-MCE-CKD)

1 employer. Thus, just like the FEHA is inapplicable in this case, Title VII also does not apply here

2 because foster grandparents are volunteers and *not* employees. 45 C.F.R. § 2552.45 (2009)

3 ["Foster Grandparents are volunteers, and are not employees..."] Plaintiff's Title VII claims

4 should be dismissed as a matter of law.

## II. PLAINTIFF'S CLAIM FOR DEFAMATION MUST BE DISMISSED AS TO BOTH DEFENDANTS CDCR AND ALEXANDER

7    Under California law, defamation "involves the intentional publication of a statement of

8 fact which is false, unprivileged, and has a natural tendency to injure or which causes special

9 damage." *Price v. Stossel* 620 F. 3d 992, 998 (9th Cir. 2010), citing *Gilbert v. Sykes,* 147 Cal.

10 App. 4th 13, 53 (2007). California law requires that "although a plaintiff need not plead the

11 allegedly defamatory statement verbatim, the alleged defamatory statement must be specifically

12 identified, and the plaintiff must plead the substance of the statement." *Care Plus Ins. Marketing*

13 *v. Connecticut General Life Ins. Co.*, WL 5394772 (E.D. Cal. 2010), citing *Jacobson v.*

14 *Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal 2004).

15    Here, Plaintiff has not even alleged that either Defendant *actually* said anything

16 defamatory about Plaintiff. Plaintiff simply concludes that her termination was defamatory in

17 nature because it represented to other employees that Plaintiff did not perform her work

18 satisfactorily or was subordinate or dishonest. This is not defamation nor does it meet the

19 pleading requirements for defamation. Absent a specific identification of what was said about

20 Plaintiff by Defendants, let alone its falsity and publication, Plaintiff's defamation claim must be

21 dismissed as to both Defendants CDCR and Alexander.

22    Finally, the statute of limitations for defamation is one-year under California law. Cal.

23 Code Civ. Proc. § 340(c). Plaintiff's complaint alleges that she was "terminated" on or about

24 March 20, 2014, eighteen months ago. Therefore, any other statements made during the time

25 Plaintiff was a foster grandparent and/or around the time she was "terminated," are barred by the

26 statute of limitations.

27    ///

28    ///

### III. DEFENDANT ALEXANDER SHOULD BE DISMISSED FROM THIS CASE ENTIRELY

#### A. Plaintiff's Title VII and FEHA Claims

##### 1. There is No Individual Liability Under Title VII Against Defendant Alexander

Individuals cannot be held liable for damages under Title VII. *Miller v. Maxwell's Intern, Inc.* 991 F. 2d 583, 587 (9th Cir. 1993) [ruling that dismissal of claims against defendants in their individual capacities for failure to state a claim was appropriate because the liability schemes under Title VII limit civil liability to the employer]. Here, Defendant Alexander cannot be held liable as a result of a Title VII violation as a matter of law. Accordingly, Plaintiff's Title VII claims for Discrimination, Sexual Harassment, and Title VII Civil Rights violations must be dismissed with respect to Defendant Alexander.

##### 2. There is No Individual Liability Under FEHA Against Defendant Alexander as to FEHA Discrimination and Plaintiff Failed to Allege FEHA Sexual Harassment Against Him

###### a. The California Supreme Court has Foreclosed Individual Liability for FEHA Discrimination

The California Supreme Court has decisively foreclosed individual liability for discrimination under the FEHA. *Reno v. Baird* 18 Cal.4th 640 (1998). Hence, there is no individual liability as to Defendant Alexander on Plaintiff's FEHA Discrimination claim as a matter of law. Thus, the Motion to Dismiss should be granted as to Defendant Alexander on Plaintiff's FEHA Discrimination claim.

###### b. Plaintiff's Complaint, if True, Does Not Set Forth a Claim of Sexual Harassment Against Defendant Alexander

To sustain a hostile work environment claim premised on FEHA sexual harassment, a plaintiff must show: 1) she was subjected to unwelcome verbal or physical conduct because of sex; and 2) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Fisher v. San Pedro Peninsula Hospital* 214 Cal.App.3d 590 (1989); *Kelly-Zurian v. Wohl Shoe Co., Inc.* 22 Cal.App.4th 397, 409 (1994).

1  Relevant factors include the "frequency of the conduct, its severity, whether it is physically
2  threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes
3  with an employee's work performance." *Sheffield v. Los Angeles County Department of Social*
4  *Services* 109 Cal.App.4th 153 (2003).

5  Here, Plaintiff's Complaint, even if true, does not state a claim for sexual harassment by
6  Defendant Alexander toward Plaintiff.  At best, Plaintiff claims that Defendant Alexander "had a
7  reputation" for "harassing minority women."  Complaint, p. 10, ¶33.  The Complaint is actually
8  devoid of *any* allegations of sexual harassment by Defendant Alexander towards Plaintiff.
9  Plaintiff merely alleges that Defendant Alexander terminated her and refused to allow her to
10 exercise the Grievance Procedures mandated by the Foster Grandparent Program Orientation
11 Handbook.  Plaintiff also claims that Defendant Alexander subjected Plaintiff, to "verbal and
12 psychological abuse" when he accused her of not respecting, slandering and undermining the
13 credibility of prison staff.  Complaint, p. 6.  This is not sexual harassment.  Because Plaintiff has
14 not pled facts to show that she was sexually harassed by Defendant Alexander, the Motion to
15 Dismiss should be granted as to Plaintiff's FEHA Sexual Harassment claim against him.

16 **B.   Plaintiff's Breach of Contract Claim is Against CDCR, not Defendant Donnie Alexander**
17

18 Review of Plaintiff's first cause of action for breach of contract reveals it is a claim against
19 CDCR, not Defendant Donnie Alexander.  As a result, Defendant Alexander should be dismissed,
20 entirely, from Plaintiff's lawsuit.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

Plaintiff's claims of Discrimination and Sexual Harassment should not survive this Motion.  For the reasons set forth above, Plaintiff's causes of action number two (Discrimination), number three (Sexual Harassment) and number thirteen (Civil Rights Title VII) should be dismissed in their entirety as to both Defendants CDCR and Donnie Alexander.  Additionally, Plaintiff's claim of Defamation should be dismissed as a matter of law as to both Defendants for failure to plead defamation either with specificity or otherwise and it is time-barred.  At a minimum, Defendant Alexander should be dismissed, entirely, from this suit.

Dated:  October 12, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
SUE E. SLAGER
Supervising Deputy Attorney General

*/S/ Vanessa Mott*
VANESSA W. MOTT
Deputy Attorney General
*Attorneys for Defendants*
*Department of Corrections &*
*Rehabilitation*
*and Donnie Alexander*

SA2015103543
12(C) Motion.doc