1 | KAMALA D. HARRIS
Attorney General of California
2 | SUSAN E. SLAGER
Supervising Deputy Attorney General
3 | VANESSA W. MOTT
Deputy Attorney General
4 | State Bar No. 184606
  | 1300 I Street, Suite 125
5 | P.O. Box 944255
  | Sacramento, CA 94244-2550
6 | Telephone: (916) 445-4979
  | Fax: (916) 324-5567
7 | E-mail: Vanessa.Mott@doj.ca.gov
  | *Attorneys for Defendants*
8 | *Department of Corrections & Rehabilitation*
  | *and Donnie Alexander*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| **ORALEE WOODSON,** | Case No.  2:15-cv-01206-MCE-CKD |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | Sacramento County Superior Court Case No. 39-2015-00322401 |
| **STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,** | |
| Defendants. | |

22  I, Jessica Sotelo, certify and declare as follows:

23  I am employed in the Office of the Attorney General, which is the office of a member of

24  the California State Bar, at which member's direction this service is made. I am 18 years of age

25  or older and not a party to this matter. I am familiar with the business practice at the Office of the

26  Attorney General for collection and processing of correspondence for mailing with the United

27  States Postal Service. In accordance with that practice, correspondence placed in the internal

28  mail collection system at the Office of the Attorney General is deposited with the United States

1

1    Postal Service with postage thereon fully prepaid that same day in the ordinary course of

2    business.

3        On **November 13, 2015,** I served the attached **ORDER REQUIRING JOINT STATUS**

4    **REPORT; STANDING ORDER; NOTICE OF AVAILABILITY OF A MAGISTRATE**

5    **JUDGE TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS;**

6    **CONSENT/DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE**

7    **JUDGE; NOTICE OF AVAILABILITY VOLUNTARY DISPUTE RESOLUTION;**

8    **STIPULATION TO ELECT REFERRAL OF ACTION TO VOLUNTARY DISPUTE**

9    **RESOLUTION PROGRAM (VDRP) PURSUANT TO LOCAL RULE 271,** copies of which

10   are attached to this Certificate as Exhibit A, by placing a true copy thereof enclosed in a sealed

11   envelope in the internal mail collection system at the Office of the Attorney General at 1300 I

12   Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

13   Daniel L. Mitchell
Law Offices of Daniel L. Mitchell
14   1151 Harbor Bay Parkway, Suite 121
Alameda, CA 94502
15

*Attorney for Plaintiff*
16

17        I certify and declare under penalty of perjury under the laws of the State of California that

18   the foregoing is true and correct and that this declaration was executed on **November 13, 2015,** at

19   Sacramento, California.

20   <u>Jessica Sotelo</u>                   <u>*/s/ Jessica Sotelo*</u>
         Declarant                          Signature
21

22

23

24

25

26   Convert to Woodson.doc
SA2013109644
27

28

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NO. **2:15–CV–01206–MCE–CKD**

**ORALEE WOODSON ,**

               Plaintiff,

               vs.

**STATE OF CALIFORNIA, ET AL. ,**

               Defendant(s).

ORDER REQUIRING JOINT
STATUS REPORT

This action has been assigned to the Honorable Morrison C. England, Jr. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1.  Plaintiff(s) shall complete service of process on all parties within one hundred twenty (120) days of the date of the filing of the complaint.

    2.  Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk of the Court a certificate reflecting such service. Any party who impleads a third–party defendant shall serve upon that party a copy of this Order and shall file with the Clerk of the Court a certificate reflecting such service.

    3.  In the event this action was originally filed in a state court and was thereafter removed to this Court, the removing parties shall, immediately following such removal, serve upon each of

/////

1

1 | the other parties named in the complaint, and upon all parties subsequently joined, a copy of this

2 | Order and shall file with the Clerk of the Court a certificate reflecting such service.

3 |     4.   Within sixty (60) days of service of the complaint on any party, from the date of removal, or

4 | from reassignment, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and

5 | submit to the Court a joint status report that includes the Rule 26(f) discovery plan. The joint status

6 | report shall address the following matters:

7 |     (a)   a brief summary of the claims;

8 |     (b)   status of service upon all defendants and cross–defendants, i.e., are responsive

9 | pleadings on file with the Court;

10 |     (c)   possible joinder of additional parties;

11 |     (d)   contemplated amendments to the pleadings;

12 |     (e)   the statutory basis for jurisdiction and venue (cite the code sections);

13 |     (f)   anticipated discovery and exchange of information, including:

14 |       (1)   what changes, if any, should be made in the timing, form, or requirement for

15 | disclosures under Rule 26(a), including a statement as to when disclosures under

16 | Rule 26(a)(1) were made or will be made;

17 |       (2)   the subjects on which discovery may be needed; when discovery should be

18 | completed, and whether discovery should be conducted in phases;

19 |       (3)   what changes, if any, should be made in the limitations on discovery imposed

20 | under the Civil Rules and what other limitations, if any, should be imposed;

21 |       (4)   whether the parties anticipate discovery of electronically stored information ("ESI"),

22 | and if so:

23 |         (i)   whether the parties have exchanged or will exchange information regarding

24 | the parties' relevant electronic systems and custodians of relevant electronic materials;

25 |         (ii)   the format, media and procedures agreed to by the parties for the

26 | production of ESI;

27 | /////

28 | /////

2

(iii) whether the parties anticipate discovery of ESI from sources that are not "reasonably accessible" within the meaning of Rule 26(b)(2)(B), the burdens and costs of retrieving such ESI, and any conditions that should be placed on its production;

(iv) any other problems reasonably anticipated to arise in connection with ESI discovery.

(5) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

(6) proposed dates for discovery cut-off.

(g) proposed date by which all non-discovery motions shall be filed;

(h) proposed dates for final pretrial conference and trial;

(i) estimate days of trial, and whether any party has demanded a jury;

(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. §636(c);

(k) proposed modification of standard pretrial procedures due to the special nature of the case;

(l) whether the case is related to any other case, including any matter involving bankruptcy;

(m) prospects for settlement, including whether a settlement conference should be scheduled; and

(n) any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.

5. The Court, upon review of the joint status report may:

(a) issue a Pretrial (Status) Scheduling Order incorporating the suggestions of counsel as contained in the joint status report;

(b) by minute order, set a status conference to be held either by telephone or in person.

(c) by minute order, require the parties to submit a supplemental joint status report to clarify and or complete the responses required by paragraph 4, above.

/////

3

1      6.   If the parties agree to a settlement conference, a settlement judge will be randomly

2   assigned to the case.  If the parties specifically request that the assigned District Judge or Magistrate

3   Judge conduct the settlement conference, the parties shall file the appropriate waiver of disqualification

4   in accordance with Local Rule 270(b).  The waiver of disqualification shall be filed concurrently with

5   the Joint Status Report.

6      7.   A Pretrial (Status) Scheduling Order will be issued regarding future proceedings in the case.

7   Counsel are directed to read the order carefully.  Requests to modify or vacate any date or other

8   limitation set forth in the order are not favored and will not be granted absent good cause.

9      8.   The Court places a page limit for points and authorities (exclusive of exhibits and other

10   supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on

11   oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in

12   writing to the Court setting forth any and all reasons for any increase in page limit at least seven (7)

13   days prior to the filing of the motion.

14      9.   The parties are directed to the Court's website for available hearing dates and

15   Judge England's standard procedures. (www.caed.uscourts.gov − choose Judges − choose Judge England −

16   choose Standard Information).

17      10.   In order to assist the Court in meeting its recusal responsibilities, any non−governmental

18   corporate party to this action shall submit a statement identifying all its parent corporations and listing

19   any publicly held company that owns ten percent (10%) or more of the party's stock.  Such statement

20   shall be included in the parties' joint status report.  Thereafter, if there is any change in the information,

21   the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

22      11.   In accordance with L.R. 160, counsel are to immediately notify the courtroom deputy

23   and chambers of any settlement or other disposition of the case.

24

25               /s/ Stephanie Deutsch
                 Stephanie Deutsch
26               Courtroom Deputy
                 Tel (916) 930−4207
27               Fax (916) 491−3955
                 e−mail: sdeutsch@caed.uscourts.gov

28

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4–200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street, Suite 1501

Fresno, CA 93721

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

ORALEE WOODSON ,
           Plaintiff(s)/Petitioner(s),

      vs.

                                      CASE NO. **2:15–CV–01206–MCE–CKD**

STATE OF CALIFORNIA, ET AL. ,
           Defendant(s)/Respondent(s).

---

### IMPORTANT

### IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.

---

☐   **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____     Signature: _____

                            Print Name: _____

                                        ( ) Plaintiff/Petitioner ( ) Defendant/Respondent

                                        Counsel for_____ *

---

☐   **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____     Signature: _____

                            Print Name: _____

                                          ( ) Plaintiff/Petitioner ( ) Defendant/Respondent

                                        Counsel for_____ *

---

*If representing more than one party, counsel must indicate the name of each party responding.*

# NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 271, *this Local Rule applies to* all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street, Suite 4–200
Sacramento, CA 95814
(916) 930–4278

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street, Suite 1501
Fresno, CA 93721
(559) 499–5600