DANIEL L. MITCHELL, Esq.  (CSB34442)
 Law Offices of
DANIEL L. MITCHELL
1600 G Street, Suite 101
Modesto, California  95354
(510) 864-8885
Fax:  (510) 864-8898

Attorneys for Plaintiff
ORALEE WOODSON

# IN THE UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 to 25<br><br>                    Defendants.<br>_____/ | Case No.  2:15-cv-01206-MCE-CKD<br><br>**JOINT STATUS REPORT**<br><br>**PLAINTIFF'S DEMAND FOR JURY TRIAL**<br><br>**Honorable Morrison C. England, Jr.** |

Pursuant to provisions of FRCP Rule 16, and Rule 26(f), the parties submit their Joint Status Report as follows:

(a) **Brief Summary of the Claims**:

**Plaintiff's Position**:  The instant Complaint for Damages alleges claims for (1) Breach of Contract; (2) Discrimination; (3) Sexual Harassment; (4) Defamation; (5) Violation of Civil Rights Title VII(6) Violation of 42 USC §1981.

Plaintiff an adult African-American female, and a resident of the County of San Joaquin, state of California over the age of 80 years was hired to work in the Foster Grandparent Program at N.A. Chaderjian Youth Correctional Facility of the state of California, Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice by agreement with the state of California wherein she was to provide close, interpersonal relationships and increased socialization on the part of youthful offenders; help wards develop socially, emotionally, and mentally by listening and understanding their feelings; assist wards to develop better behavior by acting as a role model; assist in small group counseling sessions, if appropriate, encourage mature and responsible behavior; assist wards in acquiring academic skills through total development; and reinforce ward's efforts in developing self-help skills.

Plaintiff performed pursuant to the Foster Grandparent Program agreement with the state of California.

On March 20, 2014, defendant Donnie Alexander, the Foster Grandparent Program Director accused and thereafter fired plaintiff, a long term employee, for making "comments" which had come to his attention from staff members at N.A. Chaderjian Youth Correctional Facility.

Plaintiff had made no such "comments" or any comments such that Anderson's utterances were pretextual to terminate plaintiff.

Alexander refused to allow plaintiff to exercise the Grievance Procedures mandated by the Foster Grandparent Program which he authored, notwithstanding plaintiff's denial of the claimed comments.

The fact that plaintiff was a female of African-American National origin was a substantial factor in defendant's decision to terminate plaintiff's employment.

With the hiring and appointment of defendant Donnie Anderson beginning in March, 2013 he subjected plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent;

Defendant Anderson accused plaintiff of a deep lack of respect for other members of the

staff; of teachers within N.A. Chaderjian Youth Correctional Facility; and other Foster Grandparents and of Anderson;

      Defendant Anderson accused plaintiff of slandering the reputation of members of the staff at N.A. Chaderjian Youth Correctional Facility;

      Defendant Anderson accused plaintiff of undermining the credibility of members of the staff at N.A. Chaderjian Youth Correctional Facility;

      Defendant Anderson refused on March 20, 2014 to allow plaintiff to exercise her Grievance rights to test the validity of his accusations when he knew or should have known that the "comments" were unverified or substantiated in any manner; that the "comments" reporter(s) lacked integrity or were dishonest.

Plaintiff rejected Anderson's accusations which she interpreted as harassment, substantiated by Anderson's refusal to allow her to exercise her Grievance mandated rights.

On or about March 20, 2014, in retaliation for plaintiff's rejection of Anderson's accusations he terminated plaintiff's employment with defendants.

The conduct of defendant Anderson was known to defendants in that plaintiff is informed and believes that it had occurred with other minority female personnel. Although plaintiff objected to the misconduct to defendants, they refused to acknowledge any complaint made by plaintiff, took no steps to investigate and otherwise ignored plaintiff's grievances. The policy and procedures handbook or practices of defendants did not afford plaintiff, or others similarly situated, with any adequate means by which to report or address grievances of discrimination and harassment. However, despite actual knowledge of defendants of the above-mentioned harassment and their knowledge as supervisors and agents, defendants failed to take immediate or any appropriate corrective action to stop the discriminatory misconduct before it occurred again. In addition, said defendants failed to take all reasonable steps to prevent such misconduct from reoccurring.

      This action followed plaintiff's termination.

///

**Defendants' Position (Liability Denied)**

This case arises under the Foster Grandparent Program. (Title 45, Code Federal Regulations, section 2552.11.) The Foster Grandparent Program provides volunteer mentoring to incarcerated youth through relationships with "grandparents" at the Department of Corrections and Rehabilitation Juvenile Division. Plaintiff was one of the "grandparents" who provided close, interpersonal relationships and increased socialization on the part of youthful offenders.

In October 2015, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rules"), Rule 12(c) ("Rule 12(c) Motion") as to Plaintiff's causes of action for 2) Discrimination; 3) Sexual Harassment; 4) Defamation; and 5) Violation of Civil Rights Title VII. Defendants moved to dismiss Plaintiff's discrimination and harassment claims because Plaintiff may not sue under the Fair Employment and Housing Act or Title VII because she was an uncompensated volunteer foster grandparent, not an employee. 45 C.F.R. § 2552.45 (2009) ["Foster Grandparents are volunteers, and are not employees…"] In addition, Defendants moved to dismiss individual Defendant Donnie Alexander from this case entirely because there is no factual or legal basis for keeping him in the case. Hearing was set for November 12, 2015 and submitted without oral argument. A ruling has yet to be issued on Defendant's Rule 12(c) Motion.[1]

(b) **Status of Service of Process**:

**Plaintiff's Position**: Plaintiff has served all defendants. Only two defendants: California Dept. of Corrections & Rehabilitation and Donnie Alexander have responded.

**Defendants' Position**: The only two defendants in this case are California Department of Corrections & Rehabilitation and Donnie Alexander. Said Defendants have been served and have answered the Complaint.

///

---

[1] Defendants also filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) ("Rule 12(b) Motion"). Defendants' Rule 12(b) Motion was granted on eight claims based on governmental immunity pursuant to California Government Code section 815. Additionally, Plaintiff's claim for punitive damages against CDCR was dismissed pursuant to California Government Code section 818.

(c) **Joinder**:

**Plaintiff's Position**: Plaintiff does not at this time have sufficient information to determinate if joinder of further parties is required.

**Defendants' Position**: Defendants do not anticipate joining any additional parties.

(d) **Amendment to Pleadings**:

**Plaintiff's Position**: Plaintiff has not made this determination.

**Defendants' Position**: Defendants do not anticipate any amendments to the pleadings.

(e) **Jurisdiction and Venue:**

**Plaintiff's Position:**

Responding defendants removed this action from the state court claiming that "… this Court has original jurisdiction under 28 U.S.C. section 1331 … in that it is alleged to arise under Title VII and 42 U.S.C. section 1981 …" (Dk#1; 2:10-13)  Plaintiff alleged other pendent jurisdiction claims: [after defendants' Motion to Dismiss (Dk#5]: (1) Breach of Contract; (2) Discrimination; (3) Sexual Harassment; (4) Defamation.

Pendent jurisdiction (supplemental jurisdiction) is the vehicle claimed by defendants as the basis by which this Court has original jurisdiction under 28 U.S.C. §1331, and this action is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under federal law pursuant to 42 U.S.C. §§ 1981 and Title VII of the Civil Rights Act of 1964." That could hardly be the case because defendants do not come to grips with the federal courts' Jurisdiction and Venue Clarification Act of 2011 ("JVCA") which eliminates the federal courts' discretion to hear unrelated state law claims in removed actions based on federal question jurisdiction (the defendants' basis for Removal).  See 28 U.S.C. §1441(c)

Previously 28 U.S.C. §1441(c) authorized defendants to remove the entire case whenever a "separate and independent" federal question claim was joined with one or more non-removable claims.

The JVCA amendment to §1441(c) permits removal of the entire case, but now <u>requires</u> the federal district court to sever and remand any state law claims over which it does not have original or

supplemental jurisdiction.  As pointed out Plaintiff's multiple state issues substantially predominate this litigation and proceeding.  Defendants argument that a single civil rights action is sufficient to maintain Plaintiff's 4 other state claims is contrary to the legislative intent of 28 U.S.C. §1441(c) .  (*United States Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 726)

In federal question cases state courts have concurrent jurisdiction in most cases.  The fact that a right "arises under" federal law does not mean that only federal courts can enforce it.

The existence of federal jurisdiction on removal is determined from the face of the complaint. When an area of the law is regulated by both federal and state law, if federal law does not preempt **all** state regulation, federal jurisdiction is not preferred.   The defendants' civil rights violations as alleged in the last [13th] claim should not compel all plaintiff's claims be litigated in the federal court.

Here state claims are the focus of the complaint (**FEHA, Gov. Code §§ 12900, et seq. and negligence)** and their presence defeats removal to the federal courts (*Salveson Western States Bankcard Ass'n* (9th Cir. 1984) 731 F. 2d 1423, 1426-1427) and dictates remand.  A suit brought on a state statute does not automatically arise under the laws or the Constitution of the United States because the act complained of is prohibited thereby (*Garibaldi v. Lucky Food Stores, Inc.* (9th Cir. 1984) 726 F. 2d 1367, 1370, cert denied, 471 U.S. 1099).

As we pointed out this Court did not have original jurisdiction under 28 U.S.C. §1331 arising under federal law based on 42 U.S.C. §§1981 (See, *Martinez v. California* (1980) 444 U.S. 277, 285 fn 7) There is a presumption of concurrent jurisdiction with State Courts in "federal question" cases.  This presumption can be overcome only by (1) an express statement by Congress, (2) unmistakable implication from the legislative history, or (3) a disabling incompatibility between federal and state adjudication (*Tafflin v. Levitt* (199) 493 U.S. 455, 459-460; *Yellow Freight System, Inc. v. Donnelly* (199) 494 U.S. 820, 821 -- Title VII jurisdiction concurrent)

Defendants  ignore the fact that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 eliminates the federal courts' discretion to hear unrelated state law claims in removed actions based on federal question jurisdiction.

**Defendants' Position**: This action arises under 42 U.S.C., § 1981. The Court's jurisdiction is invoked under 28 U.S.C, § 1331 because this case arises under the Constitution and laws of the United States. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over Plaintiff's state law claims is invoked under 28 U.S.C., § 1367.

Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claims occurred in this District.

(f)     **Discovery**:

(1)     **Plaintiff's Position**:   Plaintiff does not anticipate changes in timing, form or requirement for disclosures under Rule 26(a) with the exception of Rule 26(a)(2) Disclosure of Expert Testimony which should be scheduled at a point in time after witness depositions are taken. Plaintiff anticipates making all disclosures required under Rule 26(a)(1) within 30 days of the completion of the instant status report.

**Defendants' Position**: Defendants contend that it is premature to make initial disclosures because the parties do not know what the remaining claims will be after the Court issues its ruling on the Rule 12(c) Motion. Defendants propose that initial disclosures be postponed until after the Court's ruling on the Rule 12(c) Motion.

(2)     **Plaintiff's Position**:  Plaintiff anticipates that discovery will needed to set at large 19 affirmative defenses and "Additional Defenses" of the responding parties, and all other responding parties when Answers are filed. Additionally plaintiff will ask for the deposition of defendant Donnie Alexander and the documents that support the comments made to plaintiff on March 20, 2014 by Alexander purported to have been provided to Alexander by various NAC School staff.

Discovery should be completed in 120 days from the completion of this status report of Rule 26 report.

Discovery should be conducted in phases:  (a) document production; (b) depositions

(c) expert depositions.

   **Defendants' Position**: Defendants anticipate serving special interrogatories, document requests, and requests for admissions. Defendants will depose Plaintiff and various percipient witnesses. Defendants will seek discovery concerning Plaintiff's damages including issuing subpoenas to Plaintiff's medical providers. Expert discovery may also be necessary, particularly as to Plaintiff's damages. Discovery need not be completed in phases. Doing so may unnecessarily complicate this case.

 (3) **Joint Position**: The parties do not now anticipate changes on the limitations on discovery imposed under the Rules.

 (4) **Plaintiff's Position**: Plaintiff has no electronically stored information.

   **Defendants' Position**: Defendant will respond to all discovery for ESI in accordance with the Rules, particularly Rules 26 and 34. Defendant has begun the process of gathering information regarding the storage and accessibility of ESI. Once further gathered, Defendants will continue to meet and confer concerning storage and accessibility of ESI. Responsive ESI will be produced on a compact disc in a searchable .pdf format.

 (5) **Joint Position**: The parties believe experts should be disclosed upon completion of witness depositions

 (6) **Plaintiff's Position**: Discovery should cut-off August 1, 2016.

   **Defendant's Position**: Discovery should cut-off November 2016.

 (g) **Plaintiff's Position**: Plaintiff believes that all non-discovery motions should be completed by August 1,2016.

   **Defendants' Position**: Defendants believe that all non-discovery motions should be filed by December 2016.

 (h) **Plaintiff's Position**: Plaintiff believes that final pretrial conference and trial should be in October, 2016.

**Defendants' Position**: Defendants believe that the final pretrial conference should be held in February 2017 and that trial should be held in late March 2017.

(i)   **Plaintiff's Position**: 5-7 trial (jury) days.

**Defendants' Position**: Defendants have not requested a jury trial. Plaintiff has waived a jury trial. Defendants anticipate a bench trial will last 3 - 5 days.

(j)   **Plaintiff's Position**: Plaintiff does not believe that a special master is needed, however agrees that a magistrate judge is appropriate to try the matter pursuant to 28 USC §636(c) and hear motions.

**Defendants' Position**: Defendants do not believe that a special master is needed. Defendants do not consent to trying this matter before the magistrate judge in this case.

(k)   **Joint Position**: No proposed modifications of standard pretrial procedures due to the nature of this case
are needed.

(l)   **Joint Position**: Plaintiff and Defendants are not now aware that the instant matter is related to other pending cases.

(m)   **Plaintiff's Position**: Plaintiff does not believe that a Settlement conference should be scheduled at this time however give the egregious nature to the case, it is believed that after witness depositions are taken a
conference should be held.

**Defendants' Position**: It is too early in the litigation to determine whether a settlement conference should be scheduled. Defendants are willing to reconsider whether a settlement conference would be productive following the close of discovery.

(n)   **Plaintiff's Position**: Plaintiff believes that  pursuant to the provisions, as above referred, of the Jurisdiction and Venue Clarification Act of 2011, this case should be remanded to the state court from which it was removed.

**Defendants' Position**: Defendants do not believe this case should be remanded to the state court from which it was removed. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C., § 1367.

Dated: December 11, 2015

KAMALA D. HARRIS
Attorney General of California
SUSAN SLAGER
Supervising Deputy Attorney General


/S/ Vanessa W. Mott


VANESSA W. MOTT
Deputy Attorney General
*Attorneys for Defendants
Department of Corrections & Rehabilitation
and Donnie Alexander*

Dated: December 11, 2015

/S/ Daniel L. Mitchell
_____
Law Offices of
DANIEL L. MITCHELL