UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON, | No. 2:15-cv-01206-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff Oralee Woodson ("Plaintiff") alleges that Defendants[1] breached a contract and violated Plaintiff's civil rights by ending her participation in the CDCR's Foster Grandparent Program. Presently before the Court is Defendant's Motion to Dismiss ("Motion"). ECF No. 11. Plaintiff filed an Opposition (ECF No. 12), and Defendants filed a Reply (ECF No. 13). For the reasons that follow, Defendant's Motion is GRANTED.[2]

///
///
///

---

[1] The Complaint identifies the following Defendants: the State of California, California Department of Corrections & Rehabilitation ("CDCR"), Department of Youth Authority, Division of Juvenile Justice, and Donnie Alexander (collectively, "Defendants").

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

# BACKGROUND[3]

Plaintiff is an African-American woman.  For more than ten years she served as a "Foster Grandparent" in the CDCR's Foster Grandparent Program at the N.A. Chaderjian Youth Correctional Facility.  Plaintiff's duties were to provide mentorship and to act as a role model for juvenile offenders.  Prior to her termination, Plaintiff performed her duties satisfactorily and without complaint.

Defendant Donnie Alexander,[4] the Foster Grandparent Program Director, allegedly subjected Plaintiff to verbal and psychological abuse beginning in March 2013.  Defendant Alexander accused Plaintiff of disrespecting, slandering, and undermining the credibility of the staff.  Plaintiff contends that those accusations were unverified, unsubstantiated, and dishonest.

On March 20, 2014, Defendant Alexander denied Plaintiff the opportunity to exercise the grievance procedures mandated by the Foster Grandparent Program Orientation Handbook and terminated Plaintiff's participation in the Program.  Plaintiff contends that her termination was based on pretextual grounds, and that she was terminated because of her sex, race, national origin, and job status.

Although Plaintiff's Complaint alleges thirteen causes of action, the Court previously dismissed eight of those claims. ECF No. 9.  The case is proceeding on the following causes of action:  (1) Breach of Contract, (2) Discrimination, (3) Sexual Harassment, (5) Defamation, and (13) violations of "Civil Rights Title VII; 42 U.S.C. § 1981."  Plaintiff's discrimination and sexual harassment claims (the second and third causes of action) allege violations of California's Fair Employment and Housing Act ("FEHA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981.

///

---

[3] This statement of facts is based entirely on the allegations in Plaintiff's Complaint (ECF No. 1).

[4] The Complaint mentions Defendants Alexander and Defendant "Anderson."  The Court assumes that references to "Defendant Anderson" in the Complaint are actually to the named Defendant, Donnie Alexander.

Pursuant to Federal Rule of Civil Procedure[5] 12(c), Defendants seek dismissal of (1) the FEHA and Title VII claims in causes of action two, three, and thirteen, (2) the defamation claim in cause of action five, and (3) the claims against Defendant Donnie Alexander.

## STANDARD

Under Rule 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

Although Rule 12(c) does not mention leave to amend, courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149,

///

---

[5] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendants advance several arguments in their Motion. The Court will address each in turn.

### A. Fair Employment Housing Act ("FEHA")

Defendants seek dismissal of Plaintiff's FEHA claims in the second and third cause of action. Defendants argue that Plaintiff is not entitled to FEHA protections because Plaintiff was not an employee of Defendants. ECF No. 11 at 3. Defendants point to the regulation governing the Foster Grandparent Program which provides: "Foster Grandparents are volunteers, and are not employees of the sponsor, the volunteer station, the Corporation, or the Federal Government." 45 C.F.R. § 2552.45 (2007). Defendants also note that under California case law, uncompensated volunteers are not considered employees for the purposes of FEHA. See Mendoza v. Town of Ross, 128 Cal. App. 4th 625 (2005) (affirming demurrer on FEHA termination claim on the grounds that plaintiff was a volunteer, not an employee).

In order to recover under the discrimination in employment provisions of FEHA, the aggrieved plaintiff must be an employee. Vernon v. California, 116 Cal. App. 4th 114, 124 (2004) (quoting Shephard v. Loyola Marymount Univ., 102 Cal. App. 4th 837, 842 (2002)). FEHA does not actually define "employee," except to exclude a few persons from the category. See Cal. Gov. Code § 12926. Instead, courts look to the definition promulgated by the Department of Fair Employment and Housing ("DFEH"), the agency charged with implementing FEHA. Mendoza, 128 Cal. App. 4th at 632-33. The DFEH defines an employee as "[a]ny individual under the direction and control of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written." Cal. Code Regs. tit. 2, § 11008; see Mendoza, 128 Cal. App. 4th

4

at 632.  Thus, FEHA confers employee status on individuals who are appointed, hired under an express or implied contract, or who serve as apprentices.  Id. at 633.

Mendoza and Shephard are instructive on the issue of whether a volunteer is an employee for purposes of FEHA.  In Mendoza, the California Court of Appeal concluded that compensation and remuneration is "indispensable" to the formation of an employment relationship; but even "substantial indirect benefits" can satisfy the threshold requirement of remuneration.  Id. at 636-37.  In Shephard, the Court of Appeal determined that a college athlete could not claim employment discrimination under FEHA when the university refused to renew her athletic scholarship.  102 Cal. App. 4th 837 (2002).  The California Court of Appeal's analysis included examination of the structure of the student-athlete arrangement, incorporation of National Collegiate Athletic Association bylaws into financial aid agreements, tax treatment of any financial benefit, and issues of statutory construction.  Id. at 842-47.   The Court of Appeal concluded that to treat the plaintiff as an employee for purposes of FEHA but not other laws (such as workers' compensation benefits or government tort liability) "would lead to an absurd or unreasonable result."  Id. at 846.

Here, the applicable statutory scheme explicitly excludes Plaintiff from employee-status.  45 C.F.R. § 2552.45 ("Foster Grandparents are volunteers, and are not employees").  Plaintiff does not point to any applicable exception to the regulation, nor does Plaintiff show that she was hired or appointed under any other authority.  Plaintiff does argue that FEHA was amended on January 1, 2015, to extend FEHA protections to unpaid volunteers.  ECF No. 12 at 4; see 2014 Cal. Legis. Serv. Ch. 302 (A.B. 1443) (Cal. 2015).  However, unless there is express language of retroactivity, statutory amendments are prospective and not retroactive.  City of Emeryville v. Cohen, 233 Cal. App. 4th 293, 308 (2015).  The FEHA amendment does not contain any language suggesting retroactive application.  Furthermore, Plaintiff's suggestion that the amended FEHA applies because she filed this action after the amendment took effect is

///

5

not persuasive; as Plaintiff concedes, the alleged misconduct and termination occurred on March 20, 2014, well before the amendment went into effect on January 1, 2015.

Foster Grandparents may receive a stipend and reimbursement for expenses while participating in the Program. See 45 C.F.R. § 2552.46 (describing the cost reimbursement program). However, a Foster Grandparent's stipend is "not subject to any tax or charge or treated as wages or compensation for the purposes of unemployment insurance, worker's compensation, temporary disability, retirement, public assistance, or similar benefit payments or minimum wage laws." 45 C.F.R. § 2552.47. In light of this guidance, the Court finds the logic of Shepard persuasive: even if Plaintiff received a stipend, the regulation does not treat that stipend as income for employment benefit purposes; accordingly, treating Plaintiff as an employee for FEHA purposes would lead to an absurd or unreasonable result.

Plaintiff's Complaint sets forth only the barest details of the Foster Grandparent Program and her duties. Plaintiff does imply that she receives "wages or salary" and other benefits payable under the Program. ECF No. 1 at 5. However, she does not allege facts showing that she receives "substantial benefits" required to establish employee status for purposes of FEHA. See Mendoza, 128 Cal. App. 4th at 637.

In light of the specific guidance of the Foster Grandparent Program regulations, the Court concludes that Plaintiff cannot properly assert a FEHA claim in the absence of allegations that she received substantial benefits from the Program. Accordingly, Plaintiff's FEHA claims under causes of action two and three are DISMISSED. Because Plaintiff may be able to cure the defect in her Complaint by way of amendment, the dismissal is with leave to amend.

**B.    Title VII**

Next, Defendants seek dismissal of Plaintiff's Title VII claims in causes of action two, three, and thirteen. Defendants argue that Plaintiff cannot bring a Title VII claim because Plaintiff is not an employee. Defendants again point to the regulation governing

///

the Foster Grandparent Program which expressly states that "Foster Grandparents are volunteers, and are not employees . . . ." 45 C.F.R. § 2552.45.

The protections of Title VII apply only to employees. Murray v. Principal Fin. Grp., Inc., 613 F.3d 943, 944 (9th Cir. 2010). In determining whether an individual is an employee, the Ninth Circuit adheres to the common law doctrine set forth in Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992). See Murray, 613 F.3d at 945-46. Darden instructs courts to evaluate employment status by examining the right to control the manner and means by which work is accomplished. Murray, 613 F.3d at 945.

The Ninth Circuit previously considered whether an unpaid volunteer can meet the definition of "employee" under the Americans with Disabilities Act and the Age Discrimination in Employment Act. In Fichman v. Media Center, 512 F.3d 1157, 1158 (9th Cir. 2008), the panel found that unpaid board-members of a non-profit organization were not employees. One factor the panel considered was the lack of compensation. Id. at 1160. However, the lack of compensation was not dispositive, and the panel also considered the structure and duties of the board-members. Id. at 1160-61.

Moreover, individuals who are not paid a salary or wage may still be employees under Title VII. Waisgerber v. City of L.A., 406 F. App'x 150, 152 (9th Cir. 2010). Unpaid employees, however, must make some showing of remuneration by alleging "substantial benefits" as compensation for services rendered. See id. (citing cases where volunteers' receipt of pensions, life insurance, death benefits, and disability insurance made the volunteers employees for purposes of Title VII). Remuneration need not be a salary, but benefits must be more than merely incidental to the activity performed. United States v. City of N.Y., 359 F.3d 83, 92 (2d Cir. 2004).

Plaintiff alleges that as a result of Defendants' actions, Plaintiff has lost "wages or salary" and other benefits payable under the contract. ECF No. 1 at 5. Again, Plaintiff gives only the barest details of the Foster Grandparent Program, and does not allege facts indicating that she received substantial benefits from the Program. Plaintiff's vague

///

reference to wages, salary, and other benefits do not sufficiently allege that she receives substantial benefits.

Here, Defendants argue that Foster Grandparent Program regulations preclude Plaintiff from being an employee. Although the Program considers Plaintiff to be a volunteer, it is possible that Plaintiff could allege "substantial benefits" necessary to make her an employee under Title VII. Waisgerber, 406 F. App'x at 152. The Foster Grandparent Program does permit some cost reimbursements, so it is possible that Plaintiff could allege sufficient benefits under Title VII in an amended complaint. See 45 C.F.R. § 2552.46. Although these reimbursements are not to be considered for purposes of calculating eligibility for social programs, the reimbursements are not explicitly precluded from establishing Title VII eligibility. See 45 C.F.R. § 2552.47.

In light of the Foster Grandparent Program regulations declaring Plaintiff to be a volunteer, Plaintiff cannot allege Title VII violations without alleging facts showing that she received substantial benefits. Because Plaintiff has not alleged any such facts in the Complaint, Plaintiff's Title VII claims under causes of action two, three, and thirteen are DISMISSED. Because Plaintiff may be able to cure the defect by way of amendment, the dismissal is with leave to amend.

### C.     Defamation

Defendants seek dismissal of Plaintiff's fifth cause of action, a claim for defamation, on the ground that is inadequately pled.

In order to state a claim for defamation, the plaintiff must show that a defendant published a statement of fact which was false, unprivileged, and had a natural tendency to injure or which caused special damage. See Price v. Stossel, 620 F.3d 992, 998 (9th Cir. 2010). Publication, which may be written or oral, is a communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. Ringler Assocs. Inc. v. Maryland Cas. Co., 80 Cal. App. 4th 1165, 1179 (2000). Although a plaintiff need not plead the alleged defamatory statement verbatim, the alleged statement must be specifically identified,

and the plaintiff must plead the substance of the statement. Care Plus Ins. Marketing v. Conn. Gen. Life Ins. Co., 2010 WL 5394772 (E.D. Cal. 2010).

Here, Plaintiff has not alleged that Defendants made any publication of any sort. Plaintiff's suggestion that her termination represented to other employees that her work was unsatisfactory and that she was dishonest and insubordinate does not amount to a publication. Plaintiff's termination was an act, not an oral utterance or writing. Without specific allegations about what Defendants said regarding Plaintiff, the Complaint fails to state a claim for defamation.

Plaintiff's defamation claim in cause of action five is DISMISSED. Because Plaintiff may be able to cure the defect by way of amendment, the dismissal is with leave to amend.

### D. Defendant Alexander

Defendant Alexander seeks dismissal of all the causes of action against him. He argues that there is no individual liability under Title VII and no individual liability for discrimination under FEHA. He also argues that the Complaint fails to state a claim for sexual harassment under FEHA. Finally, Defendant Alexander argues that Plaintiff's breach of contract claim is only against CDCR.

#### 1. Defendant Alexander's individual liability

##### a. Title VII

Individuals cannot be held liable for damages under Title VII. Miller v. Maxwell's Intern. Inc., 991 F.2d 583 (9th Cir. 1993). Even supervisory employees are protected from liability in their individual capacities. Id. Because Defendant Alexander cannot be held liable under Title VII as matter of law, Plaintiff's Title VII claims against him are DISMISSED with prejudice.

##### b. Discrimination under FEHA

FEHA forbids employers from engaging in improper discrimination. Cal. Gov't Code § 12940, subd. (a); see Reno v. Baird, 18 Cal. 4th 640, 644 (1998). Individual supervisors are not liable under FEHA for alleged discriminatory acts. Reno, 18 Cal. 4th

9

at 663.  Because Defendant Alexander cannot be held individually liable for discrimination under FEHA, Plaintiff's FEHA discrimination claim against Defendant Alexander is DISMISSED with prejudice.

### 2. Plaintiff's sexual harassment claim

To sustain a hostile work environment claim premised on FEHA sexual harassment, a plaintiff must show that:  (1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.  Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 608 (1989).

Here, the Complaint is devoid of any allegations of sexual harassment towards Plaintiff.  Plaintiff alleges that Defendant Alexander had a "reputation" for "harassing minority women," but the Complaint does not describe any acts of harassment based on sex.  Plaintiff alleges that Defendant subjected Plaintiff to "verbal and psychological abuse" when Defendant Alexander accused Plaintiff of disrespect, slander, and undermining the credibility of prison staff.  But that allegation does not contain any reference to sex.  Plaintiff does not allege any facts showing that Defendant Alexander sexually harassed her.

Plaintiff's FEHA sexual harassment claim against Defendant Alexander is DISMISSED.  Because Plaintiff may be able to save her sexual harassment claim by way of amendment, the dismissal is with leave to amend.

### 3. Plaintiff's breach of contract claim

Finally, Defendant Alexander argues that Plaintiff's breach of contract claim is solely against CDCR.  Plaintiff alleges that Defendant Alexander breached an agreement between Plaintiff, the Foster Grandparent Program, and the State of California.  ECF No. 1 at 5.  However, the only proper defendant in an action for breach of an employment contract is the employer who is a party to the employment agreement. See Cleary v. American Airlines, Inc., 111 Cal. App. 3d 443, 456 (1980), rev'd on other

10

grounds, Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317 (2000). Plaintiff does not allege that Defendant Alexander was a party to any employment contract. Nor does Plaintiff allege wrongful inducement of breach of contract. See Lawless v. Brotherhood of Painters, 143 Cal. App. 2d 474, 477-78 (1956) ("One who is in a confidential relationship with a party to a contract is privileged to induce the breach of that contract.") Therefore, Plaintiff's breach of contract claim against Defendant Alexander is DISMISSED. Because Plaintiff may be able to save her breach of contract claim against Defendant Alexander by way of amendment, the dismissal is with leave to amend.

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED as follows:

1. The Motion is GRANTED as to Plaintiff's FEHA claims in causes of action two and three. Those claims are DISMISSED with leave to amend.

2. The Motion is GRANTED as to Plaintiff's Title VII claims in causes of action two, three, and thirteen. Those claims are DISMISSED with leave to amend.

3. The Motion is GRANTED as to Plaintiff's defamation claim in cause of action five. That claim is DISMISSED with leave to amend.

4. The Motion is GRANTED as to claims against Defendant Alexander. Plaintiff's Title VII and FEHA discrimination claims against Defendant Alexander are DISMISSED without leave to amend. Plaintiff's FEHA sexual harassment and breach of contract claims against Defendant Alexander are DISMISSED with leave to amend.

///
///
///
///
///

1  Not later than twenty (20) days following the date this Memorandum and Order is
2  electronically filed, Plaintiff may, but is not required to, file a First Amended Complaint.  If
3  Plaintiff does not file an amended complaint, Defendant Alexander will be dismissed and
4  this action will proceed on the remaining claims in the first, second, third, and thirteenth
5  causes of action in the original Complaint.
6  IT IS SO ORDERED.
7  Dated:  February 10, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT