DANIEL L. MITCHELL (SBN34442)
Law Offices of
DANIEL L. MITCHELL
1600 G Street, Suite 101
Modesto, California 95354
(510) 864-8885
Fax: (510) 864-8898

Attorneys for Plaintiff
ORALEE WOODSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON,, | No. 2:15-ev-01206-MCE-CKD |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DONNIE ALEXANDER | [1] Breach of Contract;<br>[2] Discrimination;<br>[3] Sexual Harassment;<br>[5] Defamation<br>[13] Civil Rights Title VII, 42 USC §1981 |
| Defendants. | |

COMES NOW plaintiff, ORALEE WOODSON, and complains of defendants, and each of them, and alleges as follows:

FIRST AMENDED COMPLAINT                                                                                            Page 1

*General Allegations*

1.     At all times herein mentioned, each of said defendants, are being sued in their individual capacities and their official capacities under color of law and within the course and scope of their agency and or employment; each ratified and participated in the doing of the acts hereinafter alleged to have been done and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting individually and within the course and scope of said agency and employment.

2.     At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

3.      At all times herein mentioned, the acts and omissions of the various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

4.     Plaintiff is informed and believes and thereon alleges that defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, inclusive and each of them, were Agencies of the State of California, sued herein in that capacity and were and are public entities organized and existing under the laws of the state of California and subject to suit under the California Fair Employment and Housing Act, Government Code, Sees. 12900 et seq. ("FEHA"), in that said defendants are employers who regularly employ five or more persons (collectively herein "Agencies"); and plaintiff was an employee within the discrimination in employment provisions of the Fair Employment Housing Act ("FEHA") and within the meaning of the Department of Fair Employment and Housing ("DFEH"), charged with implementing FEHA, where in

plaintiff was under the direction and control of defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice under appointment or contract of hire or apprenticeship, express or implied, oral or written within the meaning of the Foster Grandparent Program for which she received substantial direct and indirect remunerative benefits which included:

(1) **Stipends:** Plaintiff as a Foster Grandparent was paid an hourly stipend for service rendered to the youth she served. The stipend was monies that were provided to Plaintiff the Foster Grandparent Volunteer for volunteering her services to the youth assigned to her sponsor. Youth and Adult Agency herein. The amount of the stipend was established by the United States Congress and passed ultimately to the Project Directors, and represented to the Foster Grandparent to be $2.65 per hour.

(2) **Transportation:** Plaintiff as a Foster Grandparent was provided a transportation reimbursement represented to be $8.00 per day

(3) **Meals**: Plaintiff as a Foster Grandparent was provided a meal reimbursement at a flat rate of $5.00 per day

(4) **Sick Leave:** Plaintiff as a Foster Grandparent on July 1 of each grant year received a total of 12 sick days for each year.

(5) **Vacation**: Plaintiff received on July 1 of each grant year as a Foster Grandparent 80 vacation hours for the year

Foster Grandparents were paid all unused vacation hours at the time of retirement or resignation/separation from the Program

Vacation time could be used for an illness or appointment with a doctor, dentist or health professional, in lieu of unavailable sick time.

(6) **Request for Time Off:** Foster Grandparent time off is controlled by the Foster Grandparent Program Director who will not grant time off if the Foster Grandparent has no leave credits on the books.

(7) **Bereavement Leav**e: Foster Grandparent bereavement leave is paid for the death of a person related by blood, adoption, marriage or any person residing in the immediate household of the Foster Grandparent at the time of death. 3 day7s are granted for local and if traveling out of state, 5 days are granted.

(8) **Administrative Time Off**: 10 days ATO is credited to a Foster

FIRST AMENDED COMPLAINT                                                                                                 Page 3

Grandparent's leave record for winter school break, to be used only during the winter break and cannot be accured.

      (9) **Leave of Absence Without Pay:** Leave of absence without pay is not granted to Foster Grandparents. Foster Grandparents are expected to work 1,044 hours a year.

      If stipend dollars are not used, the Foster Grandparent Program is put in a position of losing funding which results in a reduction in the number of Grandparents hired.

      (10) **Holidays:** Foster Grandparents earn holiday leave credits

      **(11) Personal & Floating Holidays:** Foster Grandparents earn personal and floating holidays

      (12) **Workers' Compensation**: Foster Grandparents are covered under federal and state compensation for work related accidents.

    5. At all times herein alleged even Plaintiff's substantial *indirect* compensation can satisfy the threshold requirement of remuneration for purposes of employee status under FEHA and under Title VII. If not direct salary, substantial benefits which are not merely incidental to the activity performed, such as health insurance, vacation or sick pay, are indicia of employment status and Foster Grandparents were entitled to employee status, in part, based on their receipt of significant benefits, such as disability pensions, survivors' benefits, group life insurance, and scholarships for dependents of deceased family members

    6. There is nothing within the FEHA or its legislative history evincing an intent to depart from the requirement that compensation of some sort is indispensable to the formation of an employment relationship. In fact, our Legislature tacitly acknowledged that remuneration remains an integral part of an employment relationship when it enacted amendments to the FEHA extending its coverage to disabled employees.

7.     Defendant Donnie Alexander was the agent and/or employee for each defendant Agency and/or state of California ("Alexander"). This defendant is the agent(s) of an entity, subject to suit under FEHA. Defendant Alexander supervised plaintiff.

8. a.    Defendant, Donnie Alexander the agent and/or employee for each defendant Agency and/or state of California in 2013, and as Project Director of the Foster Grandparent Program who published and was responsible to enforce the "Foster Grandparent Program Orientation Handbook NCYCC" mandating the following applicable statutory scheme applicable to Plaintiff in her employee status.

> The Youth and Adult Agency is committed to demonstrating respect for all
> individuals by strictly prohibiting sexual harassment and discrimination in
> the workplace.  The following is a brief overview of the Departments'
> Sexual Harassment Policy …
>
> Complaints of sexual harassment may be filed with the California Youth Authority.
> Such complaints will be thoroughly investigated and appropriate administrative
> action will be taken against anyone found to have engaged in sexual harassment.
> The law prohibits retaliation against any person who, in good faith, makes such
> a complaint.  In addition*, any person has a right to file a charge of sexual
> harassment/discrimination with th U.S. Equal Employment Opportunity Commission
> (pursuant to Title VII of the Federal Civil Rights Act of 1964) and/or the California
> Department of Fair Employment and Housing (pursuant to the California Fair
> Employment and Housing Act.)"*    [Id at 47-48] (emphasis ours)

Defendant Donnie Alexander engaged in a course of conduct discriminating, harassing, defaming and violating the Civil Rights of Plaintiff   wherein he induce the Breach of the terms and conditions of the Foster Grandparent Program Orientation Handbook NCYCC, to terminate Plaintiff 's employment  by violating the policies and procedures of the Handbook, to deny Plaintiff's rights to grieve Alexander's violations.

8 b.    FEHA was amended on January 1, 2015 to extend FEHA protection to

volunteers. 2014 Cal. Legs. Serv. Ch. 302 (A.B. 1443) (Cal 2015) [See, additionally, Plaintiff was identified as a FEHA employee even before January 1, 2015 within the meaning of 42 USC §4950 et seq. Application of Federal Law §415 (a) (b) and 5 USC 8101 (1) (A). Plaintiff as herein alleged is for purposes of Title VII an "employee" who is defined as "an individual employed by an employer." 42 U.S.C. §2000e-(f). The question of whether an employer-employee relationship exists is fact-specific and depends on whether the employer controls the means and manner of the work.  And as herein alleged Plaintiff received substantial benefits as compensation for services that she rendered including

(1) **Stipends:** Plaintiff as a Foster Grandparent was paid an hourly stipend for service rendered to the youth she served. The stipend was monies that were provided to Plaintiff the Foster Grandparent Volunteer for volunteering her services to the youth assigned to her sponsor. Youth and Adult Agency herein. The amount of the stipend was established by the United States Congress and passed ultimately to the Project Directors, and represented to the Foster Grandparent to be $2.65 per hour.

(2) **Transportation:** Plaintiff as a Foster Grandparent was provided a transportation reimbursement represented to be $8.00 per day

(3) **Meals**: Plaintiff as a Foster Grandparent was provided a meal reimbursement at a flat rate of $5.00 per day

(4) **Sick Leave:** Plaintiff as a Foster Grandparent on July 1 of each grant year received a total of 12 sick days for each year.

(5) **Vacation**: Plaintiff received on July 1 of each grant year as a Foster Grandparent 80 vacation hours for the year

Foster Grandparents were paid all unused vacation hours at the time of retirement or resignation/separation from the Program

Vacation time could be used for an illness or appointment with a doctor, dentist or health professional, in lieu of unavailable sick time.

(6) **Request for Time Off:** Foster Grandparent time off is controlled by the Foster Grandparent Program Director who will not grant time off if the Foster Grandparent has no leave credits on the books.

**(7) Bereavement Leav**e: Foster Grandparent bereavement leave is paid for the death of a person related by blood, adoption, marriage or any person residing in the immediate

household of the Foster Grandparent at the time of death.  3 day7s are granted for local and if traveling out of state, 5 days are granted.

   **(8)**  **Administrative Time Off**:  10 days ATO is credited to a Foster Grandparent's leave record for winter school break, to be used only during the winter break and cannot be accured.

   **(9)**  **Leave of Absence Without Pay:**  Leave of absence without pay is not granted to Foster Grandparents.  Foster Grandparents are expected to work 1,044 hours a year.

   If stipend dollars are not used, the Foster Grandparent Program is put in a position of losing funding which results in a reduction in the number of Grandparents hired.

   **(10)**  **Holidays:**  Foster Grandparents earn holiday leave credits

   **(11)**  **Personal & Floating Holidays:**  Foster Grandparents earn personal and floating holidays

   **(12)**  **Workers' Compensation**:  Foster Grandparents are covered under federal and state compensation for work related accidents.

  9.  The unlawful employment practices complained of herein occurred at San Joaquin County, California.

  10.  On July 23, 2014, Plaintiff filed her Government Claim against defendants and each of them and on December 1, 2014 she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH").

  11.  Portions of this action are brought pursuant to the Fair Employment and Housing Act as set forth in Sections 12900 et seq. of the California Government Code (FEHA), as well as Title VII of the United States Code, sections 2000e through 2000e-17 (Title VII), and 42 USC §1981 to obtain relief for plaintiff for discrimination, harassment, in employment against plaintiff because of plaintiff's age and sex. Plaintiff alleges that she has been terminated from her position with defendants and each of

them on account of her sex, race/color and national origin/ancestry, in violation of those relevant provisions of the FEHA and Title VII. By this action plaintiff seeks the following relief, pursuant to the FEHA and Title VII (§2000e-5(g) and (k)): monetary relief, including back pay, front pay, attorney fees and costs of suit for terminating plaintiff on the basis of her sex, race/color, national origin/ancestry.

Alexander harassed Plaintiff in violation of Title VII of the Civil Rights Act of 1964 based on unwelcome conduct that was based on race, color, religion, sex, national origin, age , disability by engaging in offensive conduct which included offensive slurs, epithets, name calling, physical assaults or threats, intimidation, ridicule and interference with work performance.

Here Alexander was Plaintiff's supervisor

Plaintiff was not at all times the person harassed, but affected by the offensive conduct

In some matters there was no immediate economic injury to Plaintiff.

12. Defendants, and each of them, were automatically liable for harassment by Alexander which resulted in a negative employment action;  here Plaintiff was terminate.

13. Plaintiff is an adult African-American female, and a resident of the County of San Joaquin, state of California over the age of 80 years.

14. Plaintiff exhausted her administrative remedies with respect to the filing of this civil action.

*FIRST CAUSE* OF *ACTION*
[Breach of Contract]

15. Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, herein, as though set forth at length.

16.  Plaintiff was hired to work in the Foster Grandparent Program at N.A. Chaderjian Youth Correctional Facility of the state of California, Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice by agreement with the state of California wherein she was to provide close, interpersonal relationships and increased socialization on the part of youthful offenders; help wards develop socially, emotionally, and mentally by listening and understanding their feelings; assist wards to develop better behavior by acting as a role model; assist in small group counseling sessions, if appropriate, encourage mature and responsible behavior; assist wards in acquiring academic skills through total development; and reinforce ward's efforts in developing self-help skills.

17.  Plaintiff performed all covenants and conditions required by her on her part to be performed pursuant to the Foster Grandparent Program agreement with the state of California.

18.  On or about March 20, 2014, defendant Donnie Alexander, the Foster Grandparent Program Director breached the agreement that existed between plaintiff and the state of California when he accused and thereafter fired plaintiff, a long term employee, for making "comments" which had come to his attention from staff members at N.A. Chaderjian Youth Correctional Facility.

Plaintiff had made no such "comments" or any comments such that Alexander's utterances were pretextual to terminate plaintiff.

Alexander refused to allow plaintiff to exercise the Grievance Procedures mandated by the Foster Grandparent Program Orientation Handbook, which he authored, notwithstanding plaintiff's denial of the claimed comments.

` 19.    As a result of defendants' breach of the said Agreement, plaintiff has been injured in loss of her position, loss of wages or salary and other benefits payable under the contract together with interest thereon at the maximum legal rate from and after March 20, 2014.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*SECOND CAUSE* OF *ACTION*
[Discrimination]

20.    Plaintiff incorporates by reference and realleges paragraphs 1 through 19, inclusive, herein, as though set forth at length.

21.    During the times plaintiff worked for defendants, she was qualified for the position of Foster Grandparent which she had performed for at least 10 years for defendants. Plaintiff's performance while working for defendants was acknowledged by them as positive and her performance considered "excellent" and beyond reproach.

22.    The fact that plaintiff was a female of African-American National origin was a substantial factor in defendants' decision to terminate plaintiff's employment. Defendants engaged a pattern and practice and acted as follows because of plaintiff's sex and National Origin.

(a)    With the hiring and appointment of defendant Donnie Alexander beginning in March, 2013 he subjected plaintiff to verbal and psychological abuse in her efforts to perform as a Foster Grandparent;

(b)    Defendant Alexander accused plaintiff of a deep lack of respect for other members of the staff; of teachers within N.A. Chaderjian Youth Correctional Facility; and other Foster Grandparents and of Anderson;

(c)    Defendant Alexander accused plaintiff of slandering the reputation of members of the

staff at N.A. Chaderjian Youth Correctional Facility;

    (d)    Defendant Alexander accused plaintiff of undermining the credibility of members of the staff at N.A. Chaderjian Youth Correctional Facility;

    (e)    Defendant Alexander refused on March 20, 2014 to allow plaintiff to exercise her Grievance rights to test the validity of his accusations when he knew or should have known that the "comments" were unverified or substantiated in any manner; that the "comments" reporter(s) lacked integrity or were dishonest.

23.    Plaintiff rejected Alexander's accusations which she interpreted as harassment, substantiated by Anderson's refusal to allow her to exercise her Grievance mandated rights.

24.    On or about March 20, 2014, in retaliation for plaintiff's rejection of Anderson's accusations he terminated plaintiff's employment with defendants.

25.    The conduct of defendant Alexander was known to defendants in that plaintiff is informed and believes that it had occurred with other minority female personnel. Although plaintiff objected to the misconduct to defendants, they refused to acknowledge any complaint made by plaintiff, took no steps to investigate and otherwise ignored plaintiff's grievances. The policy and procedures handbook or practices of defendants did not afford plaintiff, or others similarly situated, with any adequate means by which to report or address grievances of discrimination and harassment such as that set forth above. However, despite actual knowledge of defendants and each of them of the above-mentioned harassment and their knowledge as supervisors and agents, defendants failed to take immediate or any appropriate corrective action to stop the discriminatory misconduct before it occurred

again. In addition, said defendants failed to take all reasonable steps to prevent such misconduct from reoccurring.

26. Defendants fired plaintiff on pretextual grounds and not for good cause. Their reason(s) are a pretext for discrimination on account of plaintiff's sex, race/color and national origin/ancestry and job status.

27. The discriminatory actions of defendants and each of them against plaintiff constituted unlawful discrimination in employment on account of plaintiff's gender and National origin, in violation of those relevant sections of FEHA, and Title VII of the Civil Rights Act of 1964,. 2000e, et seq. 42 USC §1981.

28. The discriminatory actions of defendants and each of them against plaintiff, as alleged above, are a substantial factor in causing plaintiff to suffer the loss of wages/salary, benefits, and additional amounts of money plaintiff would have received if plaintiff had not been terminated from her position with defendants. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an uncertain amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has been ascertained.

29. The discriminatory misconduct of defendants and each of them, is a substantial factor in causing plaintiff to be harmed in that plaintiff has suffered the intangible loss of the employment-related opportunities associated with working for defendants specifically including, but not limited to experience in the position from which plaintiff was terminated, job security and future employment with the state of California and elsewhere in the public sector. As a result of such discrimination and consequent harm, plaintiff has suffered damages in an uncertain amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has been ascertained.

30. The discriminatory misconduct of defendants and each of them, is a substantial factor in causing plaintiff to be harmed in that plaintiff has suffered humiliation, mental anguish and emotional and physical distress, and has been hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, and became sick, sore, lame and disabled, all of which said injuries have caused and continue to cause said plaintiff great mental, physical and nervous pain and suffering all to her general damage in a sum to be determined at the trial of this matter. Plaintiff is informed and believes and thereon alleges that the amount of her damages exceed the jurisdictional limits of the Superior Court of the State of California.

31. By reason of the above-mentioned premises, plaintiff was required to and did employ physicians and surgeons to examine, treat and care for her and did incur and continues to incur medical and incidental expense. This exact amount of such expense is unknown to plaintiff at this time, and she prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

32. By reason of the above-mentioned premises, plaintiff was prevented from engaging in her usual occupation and will in the future will be so prevented, all to her damage in an amount unknown to plaintiff at this time, and plaintiff prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

33. The conduct of defendants and each of them in terminating plaintiff's employment was done with malice, fraud and oppression and in reckless disregard of plaintiff's rights under the applicable provisions of FEHA, Title VII, and 42 USC §1981. Among other things, not preventing defendant Anderson's misconduct from reoccurring; having no effective method for the management of complaints

of discrimination or other violations of the FEHA, Title VII and 42 USC §1981 and firing plaintiff because she rejected his claimed "comments", when defendants knew or should have known of the discriminatory treatment of plaintiff, and, since plaintiff was employed by a governmental entity, that her termination permanently became a part of her state personnel file, thereby forever impairing her ability to become re-employed by the state of California, and perhaps, other governmental entities, constitute sufficient oppression and disregard for plaintiff's rights within the meaning of Civil Code, §3294, so as to justify an award of punitive damages against defendant Anderson.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

### THIRD CAUSE OF ACTION
[Sexual Harassment]

34.     Plaintiff incorporates by reference and realleges paragraphs 1 through 33, inclusive, herein, as though set forth at length.

35.     The conduct of defendants and each of them was sexual harassment in that it created a hostile work environment in violation of the FEHA, Title VII and 42 USC §1981. Defendants and each of them knew of these harassing actions because defendant Anderson had a reputation for harassing minority women. Defendants knew or should have known of the above-described harassment, yet failed to take immediate or any appropriate corrective action to stop or prevent the harassment from reoccurring.

36.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

### *FIFTH CAUSE OF ACTION*
### [Defamation]

37. Plaintiff incorporates by reference and realleges paragraphs 1 through 36, inclusive, herein, as though set forth at length.

38. Defendants, and each of them, undertook a course of conduct uttering oral or written communications to third parties regarding false facts about Plaintiff that harmed her in her reputation or goodwill, lowering Plaintiff in the estimation of the community or detered third parties from associating with Plaintiff and which injured or diminished her esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff, including Plaintiff's misconduct as a Foster GrandParent, was subject to disciplinary proceedings, was terminated, participated in the theft of funds collected for a social event, was a poor performer as a Foster GrandParent, she had a problem with authority, Plaintiff had a very negative attitude, she was unfit for the position she held

39. Defendants' termination of plaintiff expressly and implicitly represented to her and other fellow employees that she was not performing her work satisfactorily, was insubordinate and dishonest.

40. Plaintiff's repeatedly being subjected to harassment and discrimination by defendants and subsequent termination by these defendants on the grounds she did not perform her work satisfactorily was insubordinate and dishonest, was false.

41. Plaintiff's treatment and termination from employment with defendants, and each of them, is defamatory in that it presumes plaintiff's abilities as an employee are defective and dishonest. In addition, it has negatively affected her reputation and ability to become reemployed in a similar position,

from and after March 20, 2014, and has caused plaintiff to be subject to hatred, contempt, and ridicule and caused her to be shunned and avoided in the community and affected her ability to secure future employment when she has been required to report the basis given to her by the state of California for her termination.

42.  The conduct of these defendants as herein alleged was intended, among other things, to require plaintiff to repeat to other, future employers that she was fired and the reasons therefore. In terminating plaintiff as they did, defendants knew or should have known that plaintiff would be required to make this disclosure and explain the circumstances of her termination against her will and to her detriment in order to obtain future employment.

43.  The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above religion.

WHEREFORE, plaintiff prays judgment as more particularly set forth below.

*THIRTEENTH CAUSE OF ACTION*
[Civil Rights Title VII; 42 USC §1981]

44.  Plaintiff incorporates by reference and realleges paragraphs 1 through 43, inclusive, herein, as though set forth at length.

45.  In failing to protect plaintiff from the continuing discrimination, harassment, differential treatment and other conduct described herein and constructively terminating plaintiff in retaliation for objecting to harassment, discrimination and differential conduct, defendants, and each of them, abused

their special position as plaintiff's superiors which vested them with substantial power to control her work environment and to damage her interests and well-being.

46. Through the outrageous conduct described above, defendants, and each of them, acted with the intent to cause, or with reckless disregard for the probability of causing plaintiff to suffer severe emotional distress.

47. As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she will incur medical expenses for treatment by healthcare professionals, and for other incidental expenses and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, plaintiff prays as follows:

1. For back pay, front pay and other monetary damages, according to proof;

2. For general damages according to proof;

3. For special damages according to proof;

4. For punitive damages according to proof;

5. For interest on the sum of damages awarded calculated from July 17, 1995, to the date of judgment;

6. For attorneys' fees herein incurred, as allowed by law;

7. For costs, as allowed by law; and,

//////////

//////////

8. For such other and further relief as the Court deems proper the premises.

                                              Law Offices of
DANIEL L. MITCHELL
s/ *Daniel L Mitchell*

By_____  _____
DANIEL L. MITCHELL
Attorneys for Plaintiff
ORALEE WOODSON