1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ORALEE WOODSON,                          No.  2:15-cv-01206-MCE-CKD

12                    Plaintiff,

13        v.                                   **MEMORANDUM AND ORDER**

14   STATE OF CALIFORNIA, et al.,

15                    Defendants.

16

17        Plaintiff Oralee Woodson ("Plaintiff") alleges that Defendants[1] breached a contract

18   and violated Plaintiff's civil rights by ending her participation in the CDCR's Foster

19   Grandparent Program ("the Program").[2]  Currently before this Court is Defendants'

20   Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim

21   pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] ECF No. 19.  For the reasons set

22   forth below, Defendants' Motion is GRANTED.[4]

---

[1] The First Amended Complaint ("FAC") identifies the following Defendants: the State of California, California Department of Corrections & Rehabilitation ("CDCR"), Department of Youth Authority, Division of Juvenile Justice, and Donnie Alexander (collectively, "Defendants").

[2] The Foster Grandparent Program is authorized by the Domestic Volunteer Service Act of 1973, 42 U.S.C. § 4950, et seq.

[3] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

[4] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).

1

1

2

## BACKGROUND[5]

3       Plaintiff is an African-American woman.  For more than ten years, she served as a

4   "Foster Grandparent" in the CDCR's Program at the N.A. Chaderjian Youth Correctional

5   Facility.  Plaintiff's duties in that capacity were to provide mentorship and to act as a role

6   model for juvenile offenders.  Plaintiff alleges she was compensated as a Foster

7   Grandparent through an hourly stipend, reimbursements for transportation and meals, as

8   well as time off for various purposes including sick leave, holidays and vacation.  Plaintiff

9   further alleges that she was covered under federal and state compensation for work-

10  related accidents.

11      According to Plaintiff, she performed her duties satisfactorily and without

12  complaint prior to being terminated on March 20, 2014.  Beginning in March of 2013,

13  however, she claims that Defendant Alexander, the Program Director, subjected her to

14  verbal and psychological abuse.   Defendant Alexander allegedly accused Plaintiff of

15  disrespecting, slandering, and undermining the credibility of the Program staff.  Plaintiff

16  contends that those accusations were unverified, unsubstantiated, and dishonest.

17  Furthermore, Defendants allegedly defamed Plaintiff by communicating that she

18  participated in theft of funds collected for a social event, was a poor performer as a

19  Foster Grandparent, had a problem with authority, had a very negative attitude, and was

20  unfit for the position.  Plaintiff contends that those statements were also false.

21      Plaintiff further claims Defendant Alexander denied her the opportunity to exercise

22  grievance procedures mandated by the Program Orientation Handbook ("Handbook")

23  before terminating her participation in the Program.  Specifically, the Handbook allows

24  "any person" to file a sexual harassment claim.  Plaintiff contends that her termination

25  was based on pretextual grounds and that she was terminated because of her "sex,

26  race/color, national origin/ancestry, and job status."  FAC, ¶ 26.  She also claims, without

27  further factual explication, that Alexander "had a reputation" for "harassing minority

28  ───────────────
        [5] This statement of facts is based on the allegations contained in Plaintiff's FAC (ECF No. 18).

2

1    women." Id. at ¶ 35.

2         Plaintiff's original Complaint was filed on February 27, 2015, in San Joaquin

3    Superior Court before being removed to this Court based on federal claims that

4    Defendants violated both Title VII of the Civil Rights Act of 1964,  42 U.S.C. § 2000e et

5    seq, ("Title VII") as well as 42 U.S.C. § 1981 ("Section 1981").  On June 10, 2015,

6    Defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c).  That

7    motion was granted by Memorandum and Order filed February 10, 2016, on grounds

8    that Plaintiff, as a Foster Grandparent volunteer, had not shown she was entitled to

9    protection under either Title VII or California's corresponding protections against

10   discrimination as codified in the Fair Employment and Housing Act, California

11   Government Code § 12900, et seq. ("FEHA").  The Court further found that Plaintiff's

12   defamation claims, as well as the claims levied against Defendant Alexander, were not

13   viable.  She was nonetheless given leave to amend and, on February 28, 2016, filed the

14   FAC now before the Court.

15        Plaintiff's FAC alleges five causes of actions, which she denominates as

16   (1) Breach of Contract, (2) Discrimination, (3) Sexual Harassment, (5) Defamation, and

17   (13) Violations of Title VII and Section 1981.[6]  Plaintiff's second and third causes of

18   action, for discrimination and sexual harassment, respectively, allege violations of FEHA,

19   Title VII, and Section 1981.

20        Factually, Plaintiff seeks to bolster her FAC by adding specific allegations that she

21   received an hourly stipend of $2.65 an hour as a Foster Grandparent, that she received

22   a daily transportation and meal reimbursement of $5.00 and $8.00, respectively, and that

23   was entitled to various time off allotments, including leave for sick time, vacation,

24   holiday, administrative and bereavement purposes.  As indicated above, Plaintiff also

25   points to the fact that she was entitled to workers' compensation benefits for work-

26   related accidents.  See FAC, ¶ 4(1)-(12).  With regard to defamation, as indicated above

27   Plaintiff's FAC makes more specific allegations concerning statements that were

28        [6] Causes of actions four and six through twelve have been previously dismissed. ECF No. 9.

1    purportedly made to the effect that she had been subject to disciplinary proceedings,

2    had participated in the theft of funds collected for a social event, was a poor performer

3    as a Foster Grandparent, had a problem with authority, and generally had a "very

4    negative attitude." Id. at ¶ 38.  The FAC does not state, however, who made those

5    allegations, when they were made, or in what context they may have been offered.

6    Finally, the FAC makes no further allegations specifically directed to Defendant

7    Alexander other than those previously made and rejected.

8          In now challenging the FAC, Defendants seek dismissal of (1) the FEHA and

9    Title VII claims in causes of action two, three, and thirteen, (2) the defamation claim in

10   cause of action five, and (3) the breach of contract claim against Defendant Alexander in

11   cause of action one.

12

13                                    **STANDARD**

14

15         On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

16   allegations of material fact must be accepted as true and construed in the light most

17   favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38

18   (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim

19   showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly,

21   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

22   complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

23   allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

24   relief requires more than labels and conclusions, and a formulaic recitation of the

25   elements of a cause of action will not do." Id. (internal citations and quotations omitted).

26   A court is not required to accept as true a "legal conclusion couched as a factual

27   allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

28   555).  "Factual allegations must be enough to raise a right to relief above the speculative

                                        4

1  level." <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller,

2  <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the pleading must

3  contain something more than "a statement of facts that merely creates a suspicion [of] a

4  legally cognizable right of action.")).

5       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

6  assertion, of entitlement to relief." <u>Twombly</u>, 550 U.S. at 556 n.3 (internal citations and

7  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

8  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

9  the nature of the claim, but also 'grounds' on which the claim rests." <u>Id.</u> (citing 5 Charles

10 Alan Wright & Arthur R. Miller, <u>supra</u>, at § 1202).  A pleading must contain "only enough

11 facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.  If the "plaintiffs . . .

12 have not nudged their claims across the line from conceivable to plausible, their

13 complaint must be dismissed." <u>Id.</u>  However, "[a] well-pleaded complaint may proceed

14 even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

15 recovery is very remote and unlikely.'" <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.

16 232, 236 (1974)).

17      A court granting a motion to dismiss a complaint must then decide whether to

18 grant leave to amend.  Leave to amend should be "freely given" where there is no

19 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

20 to the opposing party by virtue of allowance of the amendment, [or] futility of the

21 amendment . . . ." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC v.</u>

22 <u>Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to

23 be considered when deciding whether to grant leave to amend).  Not all of these factors

24 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

25 carries the greatest weight." <u>Id.</u> (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,

26 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

27 "the complaint could not be saved by any amendment." <u>Intri-Plex Techs. v. Crest Grp.,</u>

28 <u>Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing <u>In re Daou Sys., Inc.</u>, 411 U.S. 1006,

1   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

2   1989) ("Leave need not be granted where the amendment of the complaint . . .

3   constitutes an exercise in futility . . . .")).

4

5                                   **ANALYSIS**

6

7        Defendants advance several arguments in their Motion.  The Court will address

8   each in turn.

9        **A.     Fair Employment Housing Act ("FEHA")**

10       Defendants seek dismissal of Plaintiff's FEHA claims in the second and third

11  causes of action.  Defendants further contend that Plaintiff is not entitled to FEHA

12  protections because Plaintiff was not an employee of Defendants.  Defendants contend

13  that the stipend and reimbursements provided to Plaintiff by the Program do not

14  constitute "substantial benefits" that would satisfy the remuneration threshold for

15  establishing FEHA protection.  Defendants also point to California case law finding that

16  uncompensated volunteers are not considered employees for purposes of FEHA. See

17  Mendoza v. Town of Ross, 128 Cal. App. 4th 625 (2005) (affirming demurrer on FEHA

18  termination claim on the grounds that plaintiff was a volunteer, not an employee).

19  Indeed, the Program's statutory mandate explicitly provides that Foster Grandparents

20  receive no compensation or wages. 45 C.F.R. §§ 2552.46, 2552.47.

21       "To recover under the discrimination in employment provisions of FEHA, the

22  aggrieved plaintiff must be an employee." Vernon v. Cal., 116 Cal. App. 4th 114, 124

23  (2004) (quoting Shephard v. Loyola Marymount Univ., 102 Cal. App. 4th 837, 842

24  (2002)).  FEHA does not define "employee," except to disqualify certain individuals not

25  pertinent here. See Cal. Gov. Code § 12926.  Instead, courts look to the definition

26  promulgated by the Department of Fair Employment and Housing ("DFEH"), the agency

27  charged with implementing FEHA. Mendoza, 128 Cal. App. 4th at 632-33.  The DFEH

28  defines an employee as "[a]ny individual under the direction and control of an employer

1  under any appointment or contract of hire or apprenticeship, express or implied, oral or

2  written."  Cal. Code Regs. tit. 2 § 11008; see Mendoza, 128 Cal. App. 4th at 632.  Thus,

3  FEHA confers employee status on individuals who are appointed, hired under an

4  express or implied contract, or who served as apprentices.  Id. at 633.

5       Here, the applicable statutory scheme explicitly excludes Plaintiff from employee-

6  status. 45 C.F.R. § 2552.45 ("Foster Grandparents are volunteers, and are not

7  employees . . . .").  In an effort to avoid that statutory mandate, Plaintiff points out that

8  FEHA was amended on January 1, 2015, to extend FEHA protections to unpaid

9  volunteers.  However, unless there is express language of retroactivity, statutory

10  amendments are prospective and not retroactive.  City of Emeryville v. Cohen, 233 Cal.

11  App. 4th 293, 308 (2015).  The FEHA amendment does not contain any language

12  suggesting retroactive application.  Consequently, since Plaintiff was terminated nearly a

13  year before the statute was amended, she cannot rely on the amendment as support for

14  claiming protection under FEHA.

15       Plaintiff nonetheless contends that because she received "substantial benefits" for

16  serving as a Foster Grandparent, she should be considered as a qualifying employee

17  under FEHA in any event.  While Plaintiff did admittedly receive a stipend as a Foster

18  Grandparent, that stipend was "not subject to any tax or charge or treated as wages or

19  compensation for the purposes of unemployment insurance, worker's compensation,

20  temporary disability, retirement, public assistance, or similar benefit payments or

21  minimum wage laws."  45 C.F.R. § 2552.47.  As this Court already concluded, "even if

22  Plaintiff received a stipend, the regulation does not treat that stipend as income for

23  employment benefit purposes; accordingly, treating Plaintiff as an employee for FEHA

24  purposes would lead to an absurd or unreasonable result."  ECF No. 17, 6:10-12.

25       Plaintiff also alleges that she received substantial indirect benefits for being a

26  Foster Grandparent when both her stipend and various reimbursements are taken into

27  account.  Mendoza suggests that even indirect compensation, if substantial, can satisfy

28  the threshold requirement of remuneration for purposes of employee status under

7

1   Title VII, and by analogy to FEHA as well.  Mendoza, 128 Cal. App. 4th 625, 636.

2   Although the Court already found that the small daily stipend she received did not suffice

3   to create an employee relationship, it allowed Plaintiff to amend her complaint to make

4   an additional showing in support of the requisite employee relationship.  In her FAC,

5   however, Plaintiff continues to allege the same basic facts.  She merely quantifies

6   various benefits contemplated within the context of the Program.  Plaintiff sets forth the

7   stipend, daily transportation, meal reimbursements, sick leave, vacation, and holiday pay

8   she was entitled.   FAC, ¶ 8.b (1)-(12).  None of these benefits, however, are treated as

9   income for employment benefit purposes.   Instead, the statutory framework upon which

10  the Program is based expressly contemplates such reimbursements.  See 45 C.F.R.

11  § 2552.46 (Cost reimbursements allowable under the grant include stipends (including

12  "time  . . . for earned leave"), transportation costs, meals and recognition, and "other

13  volunteer expenses"); see also 42 U.S.C. § 5044(b) ("All support, including

14  transportation provided to volunteers under this chapter, shall be furnished at the lowest

15  possible costs consistent with the effective operation of volunteer programs.").  Because

16  the benefits received by Plaintiff were merely contemplated costs and reimbursements

17  incidental to the volunteer services she provided as a Foster Grandparent, they cannot

18  constitute "substantial benefits" required to establish FEHA employee status.  See

19  Mendoza, 128 Cal. 4th at 637.

20      Given the specific guidance provided by the Program regulations, which state

21  unequivocally that Foster Grandparents are volunteers and not employees, as well as

22  the fact that the incidental reimbursements she received were explicitly authorized by the

23  program and consequently cannot qualify as substantial benefits,  the Court concludes

24  that Plaintiff cannot properly assert a FEHA claim.  Accordingly, Plaintiff's FEHA claims

25  under causes of action two and three are DISMISSED.  Because Plaintiff is unable to

26  cure the defect as a matter of law, the dismissal is with prejudice.

27  ///

28  ///

8

**B.   Title VII**

Defendants seek dismissal of Plaintiff's Title VII claims in causes of action two, three, and thirteen.  Defendants argue that Plaintiff cannot bring a Title VII claim because Plaintiff is not an employee.  Defendants again point to the regulation governing the Program, which expressly states that "Foster Grandparents are volunteers, and are not employees . . . ." 45 C.F.R. § 2552.45.

The protections of Title VII are similar to those created and FEHA and apply only to employees and applicants for employment. Murray v. Principal Fin. Grp., Inc., 613 F.3d 943, 944 (9th Cir. 2010).  To determine employee status, the Ninth Circuit adheres to the common law doctrine set forth in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992).  See Murray, 613 F.3d at 945-46.  Darden instructs courts to evaluate employment status by examining the right to control the manner and means that work is accomplished.  Murray, 613 F.3d at 945.

The Ninth Circuit has previously considered whether an unpaid volunteer can meet the definition of "employee" under the Americans with Disabilities Act and the Age Discrimination in Employment Act.  In Fichman v. Media Ctr., 512 F.3d 1157, 1158 (9th Cir. 2008), the panel found that unpaid board-members of a non-profit organization were not employees.  However, the lack of compensation was not dispositive, and the panel also considered the structure and duties of the board-members. Id. at 1160-61.

Individuals who are not paid a salary or wage may consequently still be employees under Title VII.  Waisgerber v. City of L.A., 406 F. App'x 150, 152 (9th Cir. 2010).  Unpaid employees, however, must make some showing of remuneration by alleging "substantial benefits" as compensation for services rendered. See id. (citing cases where volunteers' receipt of pensions, life insurance, death benefits, and disability insurance made the volunteers employees for purposes of Title VII).  Remuneration need not be a salary, but benefits must be more than merely incidental to the activity performed.  U.S. v. City of N.Y., 359 F.3d 83. 92 (2d Cir. 2004).  Plaintiff argues that she should be considered an employee for Title VII purposes because Plaintiff received

1    "substantial benefits" as a Foster Grandparent.

2         Defendants argue that Plaintiff is not an employee under Title VII for the same

3    reason she was not an employee under FEHA. ECF No. 19 at 14.  In that vein,

4    Defendants point to the new allegations contained in the FAC as "merely recit[ing]

5    reimbursable costs." Id. at 13.

6         As set forth above, this Court has concluded that the small stipend and various

7    reimbursements Plaintiff received did not amount to the "substantial benefits" necessary

8    to make her an employee.  Plaintiff has not alleged any new facts that would meet the

9    "substantial benefits" threshold; instead, she continues to rely on the same factors she

10   identified previously.  She relies only on cost and reimbursement items incidental to the

11   Program, and those items do not suffice.

12        In light of the Program regulations declaring Plaintiff to be a volunteer, and

13   Plaintiff's failure to allege any new facts, Plaintiff remains unsuccessful in invoking

14   protection under Title VII.  Thus, Plaintiff's Title VII claims under causes of action two,

15   three, and thirteen are DISMISSED.  Because Plaintiff is unable to cure the defect as a

16   matter of law, the dismissal is also with prejudice.

17        **C.    Defamation**

18        Defendants seek dismissal of Plaintiff's defamation claim in cause of action five

19   on the ground that it is still inadequately pled.  To state a defamation claim, the plaintiff

20   must show that a defendant published a statement of fact which was false, unprivileged,

21   and had a natural tendency to injure or which caused special damage. See Price v.

22   Stossel, 620 F.3d 992, 998 (9th Cir. 2010).  Publication, written or oral, is a

23   communication to a third person who understands the defamatory meaning of the

24   statement and its application to the person to whom reference is made. Ringler Assocs.

25   Inc. v. Md. Cas. Co., 80 Cal. App. 4th 1165, 1179 (2000).  Although a plaintiff need not

26   plead the alleged defamatory statement verbatim, the alleged statement must be

27   specifically identified, and the plaintiff must plead the substance of the statement. Care

28   Plus Ins. Mktg. v. Conn. Gen. life Ins. Co., No. 1:10-CV-01836, 2010 WL 5394772 (E.D.

1   Cal. Dec. 21, 2010).

2         Plaintiff contends that Defendants defamed her by uttering false oral or written

3   communications to third parties regarding Plaintiff, including allegations that she

4   "participated in the theft of funds collected for a social event, was a poor performer as a

5   Foster Grandparent, had a problem with authority, Plaintiff had a very negative attitude,

6   [and] was unfit for the position she held[.]"  FAC, ¶ 38.  Defendants argue that Plaintiff's

7   defamation claim still fails because "the alleged facts lack any context by which the

8   alleged defamatory statements were made."  Defs.' Mot., ECF No. 19, 9:21-22.

9         Plaintiff remains unable to allege facts with enough specificity to support a viable

10  defamation claim.  Under California law, both the substance of the allegedly defamatory

11  statements as well as the context in which the statements were allegedly made must be

12  identified.  See Okun v. Superior Court, 29 Cal. 3d 442, 458 (1981); Scott v. Solano

13  Cnty. Health and Soc. Services Dept., 459 F. Supp. 2d 959, 973 (E.D. Cal. 2006).  Here,

14  Plaintiff fails to state when the alleged defamatory statements were published, who

15  published them, and to whom they were made.  While Plaintiff's Opposition to Motion to

16  Dismiss points to a list of undated statements that Plaintiff claims she did not make,

17  those allegations are not contained within the FAC and are still devoid of the requisite

18  specificity.  See Pl.'s Opp., ECF No. 21, 3:2-18.  Additionally, the statements identified,

19  were largely made by Plaintiff's co-workers in any event and do not constitute

20  defamation by Defendants themselves.

21        Thus, Plaintiff's defamation claim in cause of action five is DISMISSED.  Because

22  Plaintiff is unable to cure the defect as a matter of law, the dismissal is with prejudice.

23        **D.    Section 1981**

24        Defendants seek dismissal of Plaintiff's Section 1981 claim in cause of action

25  thirteen on the grounds that employment with the State of California is held by statute,

26  not by contract.  ECF No. 19 at 16.

27        Section 1981 guarantees equal protection in the making, enforcement, or

28  impairment of contracts.  Significantly, however, "it is well settled in California that public

11

1  employment is not held by contract but by statute . . . " Miller v. State of Cal., 18 Cal. 3d

2  808, 813 (1977).

3        Defendants consequently claim that Plaintiff is not entitled to Section 1981

4  protection because Plaintiff is not an employee. ECF No. 19 at 17.  Defendant further

5  argues that even if Plaintiff was an employee, Section 1981 does not apply because

6  employment with the state is conferred by statute and not by contract. Id.  Both those

7  arguments are well taken.

8        Additionally, to the extent Plaintiff was a Foster Grandparent volunteer, her

9  position in that regard is also defined by statute rather than contract.  Thus,

10  Section 1981 does not protect Plaintiff on grounds that she was a volunteer, either.

11        Because Plaintiff is unable, as a matter of law, to cure the defects in her

12  Section 1981 claim, that claim is DISMISSED with prejudice.

13        **E.    Defendant Alexander**

14        Defendant Alexander seeks dismissal of Plaintiff's breach of contract claim in

15  cause of action one.  Defendant Alexander argues that Plaintiff's breach of contract

16  claim is against CDCR, and not himself. ECF No. 19 at 17.  Defendant points to the Tort

17  Claims Act, which requires a claimant to identify the person to whom notice should be

18  sent. Cal. Gov. Code § 910(a) (2016).  While Plaintiff alleges that Defendant Alexander

19  wrongfully refused to allow her to exercise the grievance procedures mandated by the

20  Handbook, her Tort Claim makes no reference to Defendant Alexander whatsoever as

21  having breached any obligation in that regard.  Instead, Plaintiff's tort claim named only

22  the CDCR, the Department of Youth Authority, and the Division of Juvenile Justice. ECF

23  No. 24 at 8.[7]

24  ///

25  ///

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
        [7] The Court notes that Defendants have requested that the Court take judicial notice, pursuant to
    Federal Rule of Evidence 201, of tort claims received from Plaintiff by the State's Victim Compensation
    and Government Claims Board.  That request is unopposed and is granted.

28

1   When a plaintiff files suit against a public entity and employee, compliance with

2   the claim presentation requirement of the Tort Claims Act is an element of a cause of

3   action.  State of Cal. v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).  The Act

4   specifically requires a claimant to identify the person to whom notice should be sent. Cal.

5   Gov. Code § 910(a) (2016).  According to Defendant Alexander, Plaintiff's failure to file a

6   Tort Claim against him, or to even mention him in the claim he filed against CDCR,

7   precludes her from now filing a breach of contract claim against him.

8   This Court has already dismissed Plaintiff's breach of contract claim against

9   Defendant Alexander with an opportunity to amend.  ECF No. 17 at 11.  Plaintiff's FAC

10   does nothing to rectify the deficiencies that led to that dismissal.  Instead, Plaintiff's

11   breach of contract claim continues to simply allege an agreement "between [P]laintiff and

12   the State of California.  FAC, p. 9.  That allegation remains insufficient, and inasmuch as

13   Plaintiff has already been afforded leave to amend but still remains unable to state a

14   viable claim, her breach of contract claim against Alexander is DISMISSED without

15   further leave to amend.

16

17   **CONCLUSION**

18

19   For all the foregoing reasons, Defendants' Motion to Dismiss for failure to state a

20   claim is GRANTED as follows:

21   1.   The Motion is GRANTED as to Plaintiff's FEHA claims in causes of action two

22   and three.  Those claims are DISMISSED with prejudice.

23   2.   The Motion is GRANTED as to Plaintiff's Title VII claims in causes of action

24   two, three, and thirteen.  Those claims are DISMISSED with prejudice.

25   3.   The Motion is GRANTED as to Plaintiff's defamation claim in cause of action

26   five.  That claim is DISMISSED with prejudice.

27   ///

28   ///

4.  The Motion is GRANTED as to Plaintiffs breach of contract claim against Defendant Alexander.  That claim is DISMISSED with prejudice.

5.   Plaintiff's sole surviving claim is for breach of contract against Defendant CDCR.

IT IS SO ORDERED.

DATED:  November 4, 2016

_____

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE