UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORALEE WOODSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:15-cv-01206-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Oralee Woodson ("Plaintiff") alleges that Defendant California Department of Corrections and Rehabilitation ("CDCR")[1] breached a contract and violated Plaintiff's civil rights by ending her participation in the Foster Grandparent Program ("the Program").[2] Currently before this Court is the CDCR's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).[3] ECF No. 28. Plaintiff has

---

[1] In addition to the CDCR, Plaintiff's First Amended Complaint ("FAC") identifies other State Defendants as the State of California itself along with the Department of Youth Authority and the Division of Juvenile Justice. There is no indication that the remaining State Defendants have been served, and, once Defendant Donnie Alexander was dismissed from this litigation by the Court's Memorandum and Order filed November 4, 2016 (ECF No. 27), the Court found the sole remaining claim in this litigation to be Plaintiff's breach of contract claim against the CDCR.

[2] The Foster Grandparent Program is authorized by the Domestic Volunteer Service Act of 1973, 42 U.S.C. § 4950, et seq.

[3] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

failed to file any opposition to that Motion.[4]  For the reasons set forth below, Defendant CDCR's Motion is GRANTED.[5]

## BACKGROUND[6]

Plaintiff is an African-American woman.  For more than ten years, she served as a "Foster Grandparent" in the CDCR'S Program at the N.A. Chaderjian Youth Correctional Facility.  Plaintiff's duties in that capacity were to provide mentorship and to act as a role model for juvenile offenders.  Plaintiff alleges she was compensated as a Foster Grandparent through an hourly stipend, reimbursements for transportation and meals, as well as time off for various purposes including sick leave, holidays and vacation.  Plaintiff further alleges that she was covered under federal and state compensation for work-related accidents.

According to Plaintiff, she performed her duties satisfactorily and without complaint prior to being terminated on March 20, 2014.  Beginning in March 2013, however, she claims that Donnie Alexander, the Program Director, subjected her to verbal and psychological abuse.   Defendant Alexander allegedly accused Plaintiff of disrespecting, slandering, and undermining the credibility of the Program staff.  Plaintiff contends that those accusations were unverified, unsubstantiated, and dishonest.  Furthermore, Defendants allegedly defamed Plaintiff by communicating that she

---

[4] On December 20, 2016, the Court received a notice from CDCR's counsel that Daniel L. Mitchell, Plaintiff's counsel, had died at some unspecified point previously.  It remains unclear whether Plaintiff's failure to provide any opposition to this motion is due to Mr. Mitchell's death. While it is the Court's understanding that the State Bar of California assumed jurisdiction over Mr. Mitchell's practice in early February of 2017, the Court has received absolutely no notification from any party purporting to represent Mr. Mitchell's practice since that time.  Since the present motion has now been under submission since December 12, 2016, a period of more than six months, and given the lack of any communication and the clear lack of merit to Plaintiff's remaining claim as set forth below, the Court believes it should be decided without further delay.

[5] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).

[6] This statement of facts is based on the allegations contained in Plaintiff's FAC (ECF No. 18).

2

participated in theft of funds collected for a social event, was a poor performer as a Foster Grandparent, had a problem with authority, had a negative attitude, and was unfit for the position. Plaintiff contends that those statements were also false.

Plaintiff further claims that Defendant Alexander denied her the opportunity to exercise grievance procedures mandated by the Program Orientation Handbook ("Handbook") before terminating her participation in the Program. Specifically, the Handbook allows "any person" to file a sexual harassment claim. Plaintiff contends that her termination was based on pretextual grounds and that she was terminated because of her "sex, race/color, national origin/ancestry, and job status." FAC, ¶ 26. She also claims, without further factual explication, that Alexander "had a reputation" for "harassing minority women." Id. at ¶ 35.

Plaintiff's original Complaint was filed on February 27, 2015, in San Joaquin Superior Court before being removed to this Court based on federal claims that Defendants violated both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). On June 10, 2015, Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c). That motion was granted by Memorandum and Order filed February 10, 2016, on grounds that Plaintiff, as a Foster Grandparent volunteer, had not shown she was entitled to protection under either Title VII or California's corresponding protections against discrimination as codified in the Fair Employment and Housing Act, California Government Code § 12900, et seq. ("FEHA"). The Court further found that Plaintiff's defamation claims, as well as the claims levied against Defendant Alexander, were not viable. She was nonetheless given leave to amend and, on February 28, 2016, she filed the currently operative First Amended Complaint.

In response to the FAC, Defendants filed a motion to dismiss seeking dismissal pursuant to Rule 12(b)(6) of (1) the FEHA and Title VII claims in causes of action two, three, and thirteen, (2) the defamation claim in cause of action five, and (3) the breach of contract claim against Defendant Alexander in cause of action one. That motion was

3

granted by Memorandum and Order filed November 14, 2016, which left as Plaintiff's only surviving claim her cause of action against breach of contract against Defendant CDCR.  See ECF No. 27, 14:3-4.

In the motion now before the Court, Defendant CDCR requests judgment on the pleadings with respect to that remaining breach of contract claim.

**STANDARD**

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial."  A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings.  See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party may move for judgment on the pleadings under Rule 12(c) after the pleadings are closed but within such time as to not delay trial.

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'"  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party."  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**ANALYSIS**

As indicated above, Plaintiff's sole remaining claim in this litigation is for breach of contract. As to that claim, she alleges that she worked in the Foster Grandparent Program detailed above and "performed all covenants and conditions required by her on her part to be performed pursuant to the Foster Grandparent Program Agreement with the state of California." FAC, ¶¶ 16, 17. She contends that Donnie Alexander, The Foster Grandparent Program Director, "breached the agreement that existed between plaintiff and the state of California when he accused and thereafter fired plaintiff, a long term employee."[7] Id. at ¶ 18.

Under California law, "[a] contract is either express or implied." Retired Emps. Ass'n of Orange County, Inc. v. County of Orange, 52 Cal. 4th 1171, 1178 (2011). The elements of a breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. First Commercial Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).

In determining whether a statute confers contractual rights, the court applies federal law. See State of Nev. Employees Ass'n Inc. v. Keating, 903 F.2d 1223, 1227 (9th Cir. 1990). Federal law requires the court to find a "clear indication" of congressional intent to create a contract. Nat'l R. R. Passenger Corp. v. Atchison Topeka and Santa Fe Ry. Co., 470 U.S. 451, 465 (1985). Consequently, in attempting

---

[7] The Court has already determined that Plaintiff was a volunteer and not an employee. See ECF No. 27, 8:20-24.

5

to show the creation of a contract, a party must do so by "identifying a contract within the language of a regulatory statute and [by] defining the contours of a contractual obligation. Id. at 466. Here, Plaintiff's complaint fails to identify any language within the Foster Grandparent Program statutory scheme which gives rise to any contractual relationship or obligation. See FAC, ¶¶ 15-19. Moreover, looking beyond the purview of the complaint, review of the federal regulations applicable to the Foster Grandparent Program shows no language or other indicia that any contract for the volunteer positions is either contemplated or created. See 45 C.F.R. § 2522, et seq. Indeed, as the Court has already noted in its Memorandum and Order dated November 4, 2016, "to the extent Plaintiff was a Foster Grandparent volunteer, her position in that regard [was] defined by statute rather than contract." ECF No. 27, 12:8-9. It also bears notice, given Plaintiff's status a volunteer for a state agency, that even under California law, the terms and conditions of government service are regulated by statute and not by contract. Hyland v. Wonder, 972 F.2d 1129, 1141 (9th Cir. 1992).

The Court consequently concludes that Plaintiff's relationship with CDCR, and specifically her participation in the Foster Grandparent program, was statutorily as opposed to contractually based. As such, Plaintiff's claim for breach of contract fails as a matter of law and must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendant CDCR's Motion for Judgment on the Pleadings (ECF No. 28) is GRANTED. Because the Court does not believe the deficiencies of Plaintiff's breach of contract claim can be rectified through amendment,

///

///

///

///

no further leave to amend will be permitted. Additionally, since Plaintiff's breach of contract claim is Plaintiff's sole remaining claim, this concludes her case in its entirety and the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: June 19, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE